Elizabeth H. **RUSCAVAGE, Plaintiff,**

v.

John **ZURATT, Defendant.**

Civ. A. No. 93–991.

United States District Court, E.D. Pennsylvania.

April 30, 1993.

See also 1993 WL 280170.

Edward Kopko, Pottsville, PA, for plaintiff.

Robert G. Hanna, Jr., Philadelphia, PA and Joseph Santarone, Norristown, PA, for defendant.

## FINDINGS OF FACT, DISCUSSION, AND CONCLUSIONS OF LAW

HUYETT, District Judge.

Plaintiff commenced this action under 42 U.S.C. § 1983 alleging that Defendant deprived her of her constitutional rights under color of state law. Plaintiff alleges that Defendant, a police officer with the Norwegian Township (Schuylkill County) Police Department, issued a speeding citation to Plaintiff and warned her not to contest the citation. When Plaintiff pleaded not guilty and requested a hearing on the citation, Defendant withdrew the first citation and issued a second citation charging Plaintiff with a more serious speeding offense, carrying a higher fine and a higher point assessment on her driver's license. Plaintiff alleges that Defendant issued the second citation to retaliate against Plaintiff for exercising her constitutional right to a hearing. Plaintiff seeks monetary damages and injunctive relief, as well as costs and attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff filed a motion for a preliminary injunction to prohibit Defendant from prosecuting Plaintiff pursuant to the second citation. Pursuant to agreement of both parties and their counsel, the Court consolidated the trial of the action on the merits of the complaint with the hearing on Plaintiff's motion for a preliminary injunction, which it was agreed was for a permanent injunction. The trial to the Court took place on April 29, 1993. The following constitute the Court's findings of fact, discussion, and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

### I. Findings of Fact

Plaintiff, Elizabeth H. Ruscavage (Ruscavage), is an adult individual residing at 1533 Mount Hope Avenue, Pottsville, Schuylkill County, Pennsylvania. Defendant, John Zuratt (Zuratt), is, and was at all times relevant to the allegations contained in the complaint, a duly appointed police officer with the Norwegian Township Police Department (Police Department) and was acting within the scope of his official duties and under color of state law.

On Friday, January 15, 1993 at approximately 4:10 p.m., Ruscavage was operating a Dodge Caravan in Norwegian Township, Schuylkill County, Pennsylvania, and Zuratt was performing his official duties. Ruscavage was taking her daughter Amy to basketball practice. Using a Vascar speed detection system, Zuratt alleges that he "clocked" Ruscavage as traveling 50.3 miles per hour in a posted speed zone of 25 miles per hour. After stopping her vehicle, Zuratt issued to Ruscavage citation number 0000543 charging Ruscavage with violating the Pennsylvania Vehicle Code, 75 Pa.Cons.Stat.Ann. § 3361, driving a vehicle at a speed greater than is reasonable and prudent. The citation carried a total fine of $89. Upon conviction, Ruscavage would be assessed two points on her license. After informing Ruscavage about her excessive speed, in substance Zuratt told Ruscavage that he was "giving her a break." Zuratt informed Ruscavage that he could have issued a more serious citation that would carry a higher fine and a higher point assessment on her driver's license. Zuratt told Ruscavage that if she contested the citation, Zuratt would "throw the book at her."

Plaintiff's husband, Jack Ruscavage, came to the Police Department to speak to Zuratt about the citation issued to his wife. Mr. Ruscavage complained to Zuratt about the citation because he was concerned about his wife receiving points on her driver's license,

which would cause an increase in their automobile insurance premiums. Mr. Ruscavage complained to Zuratt about the placement of the Vascar lines in a downhill area, and stated that if Zuratt did not appear for the hearing on the citation, they would win. Zuratt said to Mr. Ruscavage that he always appears for hearings on citations that he issues.

Ruscavage entered a plea of not guilty to the charge on the citation and requested a hearing which District Justice Charles Moran scheduled for January 27, 1993. At the request of Ruscavage's counsel, he continued the hearing to February 10, 1993.

After he received the notice that stated that Ruscavage had pleaded not guilty and requested a hearing, Zuratt re-examined the citation. Zuratt was irritated by Mr. Ruscavage's visit. Zuratt decided to withdraw the citation and issue a second citation on the more serious offense of exceeding the maximum posted speed limits. Zuratt withdrew the first citation and issued a second citation as retaliation against Ruscavage because she chose to contest the first citation.

Zuratt went to the office of District Justice Charles Moran and asked if he had the right to withdraw the citation. District Justice Moran told Zuratt that he had the right to withdraw the citation because it was a police document and that he must issue the second citation within thirty days. Zuratt did not tell District Justice Moran that he was irritated with Mr. Ruscavage and that he intended to retaliate against Ruscavage.

On January 29, 1993 Zuratt withdrew citation number 0000453, by writing on the reverse side of the citation the words, "I hereby withdraw citation," and Zuratt filed citation number 0000568, charging Ruscavage with violating the Pennsylvania Vehicle Code, 75 Pa.Cons.Stat.Ann. § 3362(a)(3), exceeding the maximum posted speed limits. Zuratt charged Ruscavage with traveling 50.3 miles per hour in a 25 mile per hour zone. The citation carried a fine of $153. Upon conviction, Ruscavage's driver's license would be assessed four points. 75 Pa.Cons.Stat.Ann. § 1535(a). Zuratt filed the second citation within the 30 day statute of limitations period.

Sometime in early February, Zuratt spoke to Assistant District Attorney James Corovan (Corovan) regarding the legality of withdrawing the original citation and issuing a new citation. Zuratt told Corovan that he had given Ruscavage a break, that she had requested a hearing, and that he wanted to take the break back. Corovan informed Zuratt that he was allowed to withdraw the first citation and issue a new citation within thirty days.

On Monday, February 8, 1993 Ruscavage received a summons for a summary case requiring her to respond within ten days to the second citation. On Wednesday, February 10, 1993 at 2:00 p.m. Ruscavage and her attorney appeared at the office of District Justice Moran to defend against the allegations contained in the first citation. Zuratt did not notify Ruscavage prior to this date that he had withdrawn the first citation.

Ruscavage was "stunned" and "upset" when Zuratt issued the first citation. She became "furious" when she received the second citation. The receipt of the second citation has aggravated her high blood pressure condition. She suffers from nervousness, sleeplessness, and an inability to concentrate on her work. Ruscavage suffered humiliation, embarrassment, and mental strain and anguish as a result of the issuance of the second citation.

## II. Discussion

### A. *Permanent Injunction Standard*

Before a court may grant permanent injunctive relief, a plaintiff must establish that (1) the court's exercise of equity jurisdiction is proper; (2) the plaintiff has succeeded on the merits of the claim; and (3) the balance of the equities weighs in favor of injunctive relief. The court has equity jurisdiction if the plaintiff has no adequate remedy at law, the threatened injury is real as opposed to imagined, and no equitable defenses preclude the exercise of jurisdiction.

### B. *The Younger Abstention Doctrine*

Plaintiff is asking this Court to enjoin a pending state criminal or quasicriminal pros-

ecution.[1] In *Younger v. Harris*, 401 U.S. 37, 44–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669 (1971) the Supreme Court held that as a general rule, principles of equity, comity, and federalism counsel that federal courts should not enjoin a state criminal prosecution begun prior to the institution of the federal suit. The Court, however, recognized that a federal court can issue an injunction upon a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Id.* at 54, 91 S.Ct. at 755. The *Younger* Court stated that a plaintiff must demonstrate both great and immediate irreparable injury. *Id.* at 46, 91 S.Ct. at 751. The Court stated that "certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

■ Federal courts have stated that a showing of bad faith prosecution or harassment is the equivalent to a showing of irreparable injury for purposes of the comity restraints defined in *Younger*, because there is a federal right to be free from bad faith prosecutions. A plaintiff need not establish irreparable injury independently. *Shaw v. Garrison*, 467 F.2d 113, 120 (5th Cir.), *cert. denied*, 409 U.S. 1024, 93 S.Ct. 467, 34 L.Ed.2d 317 (1972).

Bad faith and harassing prosecutions include those prosecutions that are initiated to retaliate for, or discourage, the exercise of constitutional rights. *Younger*, 401 U.S. at 47–48, 91 S.Ct. at 752–53. Relying on *Younger*, courts have held that it is not necessary for a plaintiff to prove that the prosecution could not possibly result in a valid conviction. A court may enjoin a pending state prosecution if the plaintiff establishes that the conduct allegedly retaliated against or sought to be deterred is constitutionally protected and that the state's bringing of the criminal pros-

ecution is motivated at least in part by a purpose to retaliate against or deter that conduct, and the state fails to show that it would have decided to prosecute even had it not considered the impermissible purpose. *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir.1979); *Fitzgerald v. Peek*, 636 F.2d 943 (5th Cir.), *cert. denied*, 452 U.S. 916, 101 S.Ct. 3051, 69 L.Ed.2d 420 (1981); *Lewellen v. Raff*, 843 F.2d 1103, 1109–10 (8th Cir. 1988). The reason that a federal court can enjoin a retaliatory prosecution is that the state has no legitimate interest in pursuing such a prosecution, and therefore the principle of comity is not applicable. *Wilson v. Thompson*, 593 F.2d at 1383.

Thus, a plaintiff can establish irreparable injury sufficient to support the issuance of an injunction if the plaintiff demonstrates that the state brought the criminal prosecution against her in bad faith for the purpose of retaliating for, or deterring, the exercise of constitutionally protected rights. *Id.* A plaintiff need not show a threat of repeated prosecutions where bad faith or harassment is established. *Fitzgerald v. Peek*, 636 F.2d at 944.

■ In order to prevail on the merits, the plaintiff must show the applicability of the *Younger* bad faith exception and, what amounts to the same thing in the circumstances of this case, the existence of a constitutional violation causally related to the result sought to be enjoined. *Cf. Wilson v. Thompson*, 593 F.2d at 1384–85. In other words, where a plaintiff alleges that the state proceedings, though brought under a valid statute, were instituted in retaliation for, or to deter, the exercise of constitutionally protected rights, the question of the applicability of the *Younger* exception and that of the existence of a constitutional violation merge because if plaintiff proves one, she will prove the other. *Id.* at 1385 n. 17.

■ Applying these principles of law to the facts of this case, it is clear that the Court must consider the *Younger* abstention doctrine and its exceptions because Plaintiff

---

**1.** A violation of the Pennsylvania Vehicle Code is a summary offense. 75 Pa.Cons.Stat.Ann. § 6502. Summary proceedings are governed by chapter 50 of the Pennsylvania Rules of Criminal Procedure.

asks this Court to enjoin a state criminal or quasicriminal prosecution begun prior to the commencement of the federal action. Following the receipt of the first traffic citation, Plaintiff decided to plead not guilty to the charge and to request a hearing before a district justice. Clearly, Plaintiff has a constitutional right under the 14th Amendment's due process clause to plead not guilty and to demand a hearing before an impartial tribunal. *In re Oliver*, 333 U.S. 257, 273, 68 S.Ct. 499, 507–08, 92 L.Ed. 682 (1948). Following Plaintiff's not guilty plea, Defendant withdrew the first citation and issued a second citation, charging Plaintiff with a more specific offense—exceeding the maximum speed limit—which carried with it a substantially higher fine and four points instead of two on the driver's license if Plaintiff was convicted. Based upon these facts, the Court concludes that Defendant decided to withdraw the first citation and issue the second, more severe citation, to retaliate against Plaintiff for exercising her constitutional right to plead not guilty and demand a hearing. In addition, Defendant stated to Plaintiff, in substance, that if she contested the citation, he would "throw the book at her." This fact, in addition to the fact that Defendant was irritated by Mr. Ruscavage's visit to the station, lends additional support to the conclusion that Defendant issued the second citation to retaliate against Plaintiff and shows bad faith. As stated above, if the Court concludes that Defendant engaged in retaliatory prosecution, this is sufficient to overcome the abstention doctrine of *Younger* and, at the same time, sufficient to establish a success on the merits and irreparable injury to support the issuance of a permanent injunction.

■ Defendant argues that he was absolutely entitled to withdraw the original citation and reissue a second citation pursuant to the Pennsylvania statutes and the rules of criminal procedure. Nothing in the law, however, permits a police officer to issue a citation to retaliate against an individual for exercising her constitutional right to plead not guilty and request a hearing.

Defendant argues that Plaintiff will have an opportunity to raise her arguments that the withdrawal of the first citation and the issuance of the second was improper before the district justice. Defendant ignores the principles of *Younger* and the cases following it, which hold that if a plaintiff demonstrates that the state prosecution was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights, the plaintiff has established the irreparable injury required by *Younger* to justify an injunction against the prosecution because the state does not have any legitimate interest in pursuing such a prosecution.

## C. *Damages*

■ To recover compensatory damages, a plaintiff must prove that the deprivation of constitutional rights caused actual injury. *Carey v. Piphus*, 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978). Here, Plaintiff has proven that she suffered humiliation, embarrassment, and mental strain and anguish caused by Defendant's issuance of the second citation to retaliate against her for exercising her constitutional rights. The Court will award compensatory damages to Plaintiff.

■ Defendant argues that he is entitled to qualified immunity because he was acting in good faith in fulfillment of his responsibilities as a police officer. He argues that he relied on the advice of the district justice and the assistant district attorney that he could withdraw the first citation and issue the second within the statute of limitations period. Government officials performing discretionary functions are entitled to immunity from damages for civil rights violations "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The constitutional right to plead not guilty and demand a hearing is fundamental. The right to be free from bad faith prosecution in retaliation for exercise of one's constitutional rights is likewise clearly established. Defendant is not entitled to qualified immunity from damages because he acted in bad faith to retaliate against Plaintiff.

## D. *Attorneys Fees*

 The Civil Rights Attorney's Fees Award Act of 1976 provides that a district court, in its discretion, may award attorneys fees and costs to the prevailing party in any action to enforce certain civil rights acts, including section 1983. 42 U.S.C. § 1988. A prevailing party is ordinarily entitled to recover fees and costs unless there are special circumstances that would render such an award unjust. A plaintiff is a prevailing party under section 1988 if he or she succeeds on any significant issue in litigation that achieves some of the benefits the party sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

Plaintiff is a prevailing party for purposes of section 1988. She has succeeded on her claim that Defendant issued the second citation to punish her for exercising her constitutional right to a hearing regarding the allegation contained in the first citation. Defendant deprived Plaintiff of her constitutional right to be free from bad faith prosecution. Plaintiff has succeeded in proving that she is entitled to monetary damages caused by this deprivation and a permanent injunction against Defendant from prosecuting her pursuant to the second citation. Plaintiff is thus entitled to attorneys fees under section 1988.

### III. Conclusions of Law

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1443 and jurisdiction over the parties. Venue is proper in this district under 28 U.S.C. § 1391(b).

Defendant Zuratt issued the second citation, number 0000568, in bad faith for the purpose of retaliating against Plaintiff Ruscavage for exercising her constitutional right to plead not guilty and demand a hearing on the first citation.

Defendant, while acting under the color of state law, deprived Plaintiff of her constitutional rights of due process of law pursuant to the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

Plaintiff will suffer great and immediate irreparable injury if Defendant is allowed to prosecute her pursuant to the second citation.

Plaintiff is entitled to a permanent injunction prohibiting Defendant from prosecuting her pursuant to the second citation.

As a direct and proximate result of the acts of Defendant, Plaintiff has suffered mental strain and anguish, humiliation, and embarrassment and is entitled to compensatory damages in the amount of $20,000.

Plaintiff is a prevailing party and is entitled to attorneys fees pursuant to 42 U.S.C. § 1988.