**Elizabeth H. RUSCAVAGE, Plaintiff,**

v.

**John ZURATT, Defendant.**

Civ. A. No. 93–991.

United States District Court,
E.D. Pennsylvania.

July 16, 1993.

(Schuylkill County, Pennsylvania) Police Department, deprived her of her constitutional rights under color of state law. Following a nonjury trial, the Court concluded that Defendant issued a second traffic citation in bad faith for the purpose of retaliating against Plaintiff for exercising her constitutional right to plead not guilty and demand a hearing on a first traffic citation. The Court permanently enjoined Defendant from prosecuting Plaintiff pursuant to the second citation, awarded Plaintiff compensatory damages in the amount of $20,000, and concluded that Plaintiff was a prevailing party for the purposes of 42 U.S.C. § 1988 and was thus entitled to attorneys fees and expenses. *Ruscavage v. Zuratt,* 821 F.Supp. 1078 (E.D.Pa.1993).

Defendant moves to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), claiming that the compensatory damage award of $20,000 is excessive. Defendant claims that counsel for Plaintiff asked only for nominal damages in this matter. In addition, Defendant contends that Plaintiff already experienced some emotional distress as a result of the first citation and that there is no justification to award $20,000 to compensate her for her additional distress as a result of the second citation. Furthermore, Defendant notes that Plaintiff did not provide any medical testimony to support an award of damages. Finally, Defendant points to cases in which plaintiffs were awarded compensatory damages in amounts far less than $20,000 for injuries incurred as a result of unlawful arrests, detentions, and physical abuse, none of which occurred in this case.

The purpose of a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) is to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). Motions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.

While Plaintiff correctly cites the standard in the Third Circuit for review of jury awards of damages—whether the "verdict is so grossly excessive as to shock the

Edward E. Kopko, Pottsville, PA, for plaintiff.

Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, PA, for defendant.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff commenced this action under 42 U.S.C. § 1983 alleging that Defendant, a police officer with the Norwegian Township

judicial conscience," *Edynak v. Atlantic Shipbuilding, Inc. CIE. Chambon,* 562 F.2d 215, 226 (3d Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978)— here the Court awarded the damages in the first instance. The Court had discretion to award damages to compensate Plaintiff for her injuries caused by Defendant's bad faith issuance of the second traffic citation and has discretion to review its award upon reconsideration of the evidence.

Defendant is incorrect when he states that Plaintiff requested only nominal damages at trial. Plaintiff in her complaint requested damages in excess of $100,000. When asked at trial what elements of damages he sought for his client, Plaintiff's counsel responded, correctly, that Plaintiff was entitled to at least nominal damages as a matter of law if the Court found a violation of Plaintiff's constitutional rights, and also requested damages to compensate for Plaintiff's humiliation, embarrassment, and mental strain and anguish.

■ That point aside, upon reconsideration of the evidence in this case, and upon review of damage awards in other section 1983 cases involving similar injuries and factual circumstances, the Court believes that an award of $20,000 to compensate Plaintiff for the humiliation, embarrassment, mental strain and anguish, aggravation of her high blood pressure condition, nervousness, sleeplessness, and inability to concentrate on her work that she suffered as a result of the issuance of the second citation, while not excessive, is towards the upper end of the range of damages awarded to plaintiffs in cases with similar factual circumstances. Awards to plaintiffs to compensate them for embarrassment, humiliation, and physical discomfort span a broad range, with higher amounts awarded to plaintiffs who have suffered illegal detention or physical abuse. *E.g. Trezevant v. City of Tampa,* 741 F.2d 336 (11th Cir.1984) (jury verdict of $25,000 in favor of motorist who was incarcerated during booking process following citation for traffic violation was not excessive); *Carter v. Duncan–Huggins Ltd.,* 727 F.2d 1225 (D.C.Cir.1984) ($10,000 award sustained as not unreasonable in discrimination action in which plaintiff suffered seventeen months of incessant humiliation, harassment, and feelings of isolation); *Block v. R.H. Macy & Co.,* 712 F.2d 1241 (8th Cir.1983) ($12,402 award sustained where, as result of discrimination, plaintiff suffered sleeplessness, anxiety, embarrassment, and depression); *Rhoads v. Horvat,* 270 F.Supp. 307 (D.Colo.1967) (jury verdict of $5,000 for plaintiff's outrage at illegal arrest); *Quinn v. Rosenberg,* 399 S.W.2d 433 (Mo.App.1966) ($10,000 awarded to attorney falsely arrested, imprisoned, detained for four hours, and physically abused); *Mahoney v. Kesery,* 770 F.Supp. 472 (E.D.Wis.1991) ($20,000 jury award to victim of illegal arrest and malicious prosecution not excessive).

The cases cited are by no means an exhaustive review of compensatory damage awards in section 1983 cases; awards of higher and lower amounts can surely be found. In this case, Plaintiff received two traffic citations. She was not arrested, incarcerated, or physically harmed. She was not subjected to prolonged harassment. While the Court by no means wishes to diminish the seriousness of Defendant's violation of Plaintiff's fundamental constitutional right to plead not guilty and request a hearing, the Court is convinced, upon reconsideration of the facts and circumstances of this case and upon examination of several damage awards in section 1983 cases, that an award of $10,000 more fairly and justly compensates Plaintiff for the mental strain and anguish, embarrassment, and humiliation that she sustained as a direct result of Defendant's bad faith issuance of the second traffic citation.

An appropriate order follows.

### ORDER

Upon consideration of Defendant's Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e), Plaintiff's response, and for the reasons stated in the foregoing memorandum, Defendant's motion is GRANTED. Paragraph 1 of the Order dated April 30, 1993 is AMENDED as follows:

1. JUDGMENT IS ENTERED in favor of Plaintiff and against Defendant in the amount of $10,000.

In all other respects, the Order dated April 30, 1993 shall remain in full force and effect.

IT IS SO ORDERED.