William McCLENDON, Plaintiff,

v.

B & H FREIGHT SERVICES,
INCORPORATED,
Defendant.

No. 1:94–CV–446.

United States District Court,
E.D. Tennessee.

Dec. 6, 1995.

Kenneth O. Fritz, Nelson, McMahan, Parker & Noblett, Chattanooga, TN, for plaintiff.

Gary R. Patrick, Patrick, Beard & Richardson, P.C., Chattanooga, TN, Richard J. McAfee, Baker, Donelson, Bearman & Caldwell, Chattanooga, TN, for defendant.

## MEMORANDUM

COLLIER, District Judge.

Before the Court is the Motion to Alter or Amend Judgment filed by Plaintiff William McClendon pursuant to *Fed.R.Civ.P.* 59(e) ("McClendon") (Court File No. 37).[1] McClendon moves the Court to alter or amend its Order granting summary judgment to Defendant B & H Freight Services, Incorporated ("B & H") (Court File No. 36). B & H filed a Response (Court File No. 39). The motion for summary judgment addressed the applicability of an exemption to the maximum hours/overtime provision of the Fair Labor Standards Act, 29 U.S.C.A. § 207. The Court found the exemption, 29 U.S.C.A. § 213(b)(1), did apply to the facts as presented.

McClendon argues the addition of a document not previously submitted would first demonstrate he worked as a "laborer" and not as a "loader" and then was entitled to the overtime wages normally paid to laborers. The relevant facts of this case were set forth in the Court's Memorandum accompanying the summary judgment order and are herein incorporated (Court File No. 35). For the following reasons, the Court will **DENY** the motion to alter or amend judgment and **DISMISS** the case.

## ANALYSIS

■ A district court has considerable discretion whether to reopen a case under *Fed. R.Civ.P.* 59(e). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Columbia Gas Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir.1991). The court must balance the need for finality with the need to render just decisions. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355. However, "[i]n practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2d § 2810.1 at 128; *see also Ruscavage v. Zuratt*, 831 F.Supp. 417, 418 (E.D.Pa.1993) (noting Rule 59(e) motions "should be granted sparingly because of the interests in finality and conservation of judicial resources").

■ A Rule 59(e) motion is "aimed at re-consideration, not initial consideration." *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir.1992) (citations omitted). A party should not use the motion to "raise arguments which could, and should, have been made before judgment issued." *Id.* Thus, the motion should "either clearly establish a manifest error of law or must present newly discovered evidence." *Id.* Evidence brought to a court's attention under Rule 59(e) must have been previously "unavailable." *Lostumbo v. Bethlehem Steel, Inc.*, 8 F.3d 569, 570 (7th Cir.1993); *Atlantic States Legal Foundation v. Karg Bros.*, 841 F.Supp. 51, 53 (N.D.N.Y.1993) (noting a court is justified in reconsidering its earlier ruling if "new evidence not previously available comes to light"). "Newly discovered evidence" is that which is "truly newly discovered or ... could not have been found by due diligence." *Atlantic States*, 841 F.Supp. at 56 (citation omitted).

■ The Court considers McClendon's attempt to introduce the "job order" issued by the Tennessee Department of Employment Security ("TDES") to be the introduction of newly discovered evidence. McClendon filed his Response to B & H's summary judgment motion on 15 May 1995 (Court File No. 17). McClendon argues he only received the job order after a Court Order granting a motion

---

1. *Fed.R.Civ.P.* 59(e) reads as follows:
 **Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

to compel he had filed on 5 October 1995 (*See* Court File No. 38, p. 1, No. 32, and No. 25). He attaches as an exhibit to his motion a letter dated 27 October 1995 from TDES that references the job order as only then received by McClendon (Court File No. 38, Ex. 2). McClendon's motion to alter or amend does not clearly indicate why he failed to secure the job order until such a late date. Nonetheless, in light of the motion to compel, the Court presumes McClendon *had* tried earlier to discover documents in TDES's possession and will therefore consider the impact the job order may have had on the Court's review of B & H's summary judgment motion.

Having reviewed the job order, the Court finds it would have been of little benefit to McClendon's argument. The job order clearly and explicitly lists the job title as "Laborer—Load & Unload" (Court File No. 38, Ex. 1). An additional job description on the job order reads: "Load & Unload Freight" (*Id.*). McClendon even admits "[t]here is not much dispute that [he] loaded and unloaded trucks at the defendant's freight terminal" (Court File No. 38, p. 5). He further admits the job order "clearly shows the employer's intent in defining the plaintiff's position and classifying the plaintiff as a 'laborer.' The record establishes that the plaintiff was deemed to be a 'laborer' *with the sole responsibility to load and unload trucks*" (*Id.* at p. 8). In spite of McClendon's own commentary, he concludes the Court should find a genuine issue of material fact regarding the "class of work that the plaintiff occupied" or the "character or nature of the work that the plaintiff performed" (*Id.* at p. 5).

The answer lies in the definition of "loader." If an employee fits within the classification of loader, the exemption applies. *See* 29 C.F.R. § 782.2(b)(2)(i). The regulations define a "loader" as one

> whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country. A "loader" may be called by another name, such as "dockman," "stacker," or "helper," and his duties will usually also include

unloading and the transfer of freight between the vehicles and the warehouse, but he engages, as a "loader," in work directly affecting "safety of operation" *so long as he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner* that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized.

29 C.F.R. § 782.5(a) (emphasis added). 29 C.F.R. § 782.2(b)(3) further clarifies the extent an employee must perform the work of a loader in order to fit within the exemption. The pertinent language reads as follows:

> As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is ... called upon in the ordinary course of his work to perform, *either regularly or from time to time,* safety-affecting activities of the character described in paragraph (b)(2) of this section, *he comes within the exemption in all workweeks when he is employed at such job.* This general rule assumes that the activities involved in *the continuing duties* of the job in all such workweeks will include activities which have been determined to affect directly the safety of operation of motor vehicles on the public highways in transportation in interstate commerce. *Where this is the case, the rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting "safety of operation."* On the other hand, where *the continuing duties* of the employee's job have no substantial direct effect on such safety of operation or where such safety-affecting activities are so trivial, casual, and insignificant as to be *de minimis,* the exemption will not apply to him in any workweek so long as there is no change in his duties.

29 C.F.R. § 782.2(b)(3) (emphasis added).

Significantly, what the employee actually does determines his classification. The regu-

lations state the United States Supreme Court

> has made it clear that the determination whether or not *an individual employee* is within any such classification is to be determined by judicial process.... In determining whether an employee falls within such an exempt category, *neither the name given to his position nor that given to the work that he does is controlling ... what is controlling is the character of the activities involved in the performance of his job.*

29 C.F.R. § 782.2(b)(2) (emphasis added) (internal citations omitted).

The above regulations raise two issues. First, the facts before the Court and McClendon's own admissions indicate his "continuing duties" were of the type to affect the safety of operation of motor vehicles.[2] He loaded and unloaded trucks. Many of these loads were heavy and required particular placement in the trucks. He admits to building heavy loads up to three times a week. Indeed, McClendon admitted his "sole responsibility" was loading and unloading trucks on a regular basis (Court File No. 38, p. 8).

Second, as noted in the Court's Memorandum, McClendon further tried to lodge his job activities within the *de minimis* exception to the exemption found within 29 C.F.R. § 782.2(b)(3). In support of this argument, McClendon cited to 29 C.F.R. § 782.5(c) (emphasis added), which reads, in pertinent part:

> [A]n employee who has *no responsibility* for the proper loading of a motor vehicle is not within the exemption as a "loader" merely because he furnishes physical assistance when necessary in loading heavy pieces of freight, or because he deposits

pieces of freight in the vehicle for someone else to distribute and secure in place, or *even because he does the physical work of arranging pieces of freight in the vehicle where another employee tells him exactly what to do in each instance and he is given no share in the exercise of discretion as to the manner in which the loading is done.*

McClendon argued he "provided physical assistance and that only an insignificant portion of his work directly affected safety," "did not exercise any independent discretion on how to load vehicles," and "worked under the supervision of the Defendant's supervisors or truck drivers" (Court File No. 17, p. 5). McClendon again attempts to support this contention in his motion to alter or amend: "[P]laintiff testified that he *always* worked under the direction of a supervisor" (Court File No. 38, pp. 6–7) (emphasis added).

It is primarily through McClendon's affidavit, though, that his job description more closely fits the *de minimis* exception to the exemption.[3] Granted, McClendon's deposition testimony does indicate that he also loaded light weight boxes and often did so in a less organized manner than suitable for a heavy load (*See* Court File No. 17, p. 9). Moreover, certainly not all of the loading and unloading took place unsupervised. But McClendon's own motion directly contradicts itself when he states: "The plaintiff testified that after learning the job, *he occasionally did work without supervision*" (Court File No. 38, p. 7) (emphasis added). Clearly, McClendon cannot argue he *at no time* exercised independent discretion and *at no time* exercised no responsibility. *See* 29 C.F.R. § 782.5(c).

 Likewise, that McClendon *also* performed job activities, which could be labeled

---

**2.** As noted in Footnote 1 of the Memorandum accompanying the Order granting summary judgment (*See* Court File No. 35, p. 3), the Court found McClendon provided conflicting testimony between his deposition and his affidavit filed in response to the summary judgment motion. McClendon now contests this finding (*See* Court File No. 38, pp. 5–8). McClendon misunderstands the Court's reasoning. McClendon's deposition testimony demonstrated a much more independent and responsible worker than does his affidavit testimony. That in his affidavit McClendon would be describing "the functions of [his] work that were not inquired about by

defendant's counsel" during deposition (*Id.* at p. 5) does not detract from the characterization he gave of his job *during the deposition*. His affidavit is thus not necessarily false or intentionally misleading; it just cannot be taken as a *complete* description of his job duties and responsibilities. Accordingly, the Court will not change its earlier finding as expressed in Footnote 1 of the Memorandum accompanying the Order granting summary judgment (*See* Court File No. 35, p. 3).

**3.** *See* Footnote 2.

as *de minimis,* or not otherwise avoiding the exemption, does not somehow cause the *other work which does satisfy the exemption* to disappear. *See Benson v. Universal Ambulance Service, Inc.,* 675 F.2d 783, 786 (6th Cir.1982) (noting the "character of the activities rather than the proportion of either the employee's time or of his activities" determines the effect on safety of operations) (citation omitted); 29 C.F.R. § 782.2(b)(2) (noting the "character of the activities" controls). This is so particularly because McClendon himself points out he loaded heavy freight, well understood the mechanics and objectives of loading heavy freight, and in fact often did so without supervisor or truck driver oversight (*See* Court File No. 15, pp. 45–54).

The Court must review the character of *all* of McClendon's work in order to properly determine whether the exemption applies. McClendon's position argues job title over the character of the activities involved in the performance of the job, job classification over the functions he admittedly routinely performed. He did not demonstrate the Court committed a manifest error of law by granting the summary judgment motion, nor did he demonstrate the addition of the TDES job order requires the Court to change its ruling as to McClendon's job classification. Accordingly, the Court will **DENY** the motion to alter or amend the judgment granting B & H's summary judgment motion. There being no other issues before the Court, the case is **DISMISSED.**