In re Cynthia and Ray WHITE, Jr.

Wanda Faye White, Plaintiff,

v.

Ray Lee White, Jr., Defendant.

Bankruptcy No. 98–43004 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 18, 1999.

James Pate, Russellville, AR, for plaintiff.

Joel Taylor, Morrilton, AR, for defendant.

### ORDER GRANTING MOTION FOR NEW TRIAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Defendant's Motion for New Trial, filed on August 27, 1999, to which the plaintiff responded on September 1, 1999. Pursuant to Court Order, the defendant provided supplemental medical information to the Court.

■ The debtor defendant's timely [1] motion seeks a new trial on the grounds that events occurring after trial, but before entry of judgment constitute a change of circumstances warranting a new trial. Spe-

---

1. The time by which a motion for new trial must be filed is calculated from the date of entry of the order. Fed.R.Bankr.P. 9023.

Since the order in this case was entered on August 23, 1999, the motion, filed on August 27, 1999, is timely.

cifically, the debtor states that he suffered a back injury, is confined to bed rest for two weeks, *may* be required to have surgery, and that his employment is therefore uncertain. The supplemental information, filed on October 4, 1999, indicates that the debtor is still confined to bed, receiving spinal injections, and it is unknown when he will be able to return to work.

 A new trial may be granted in a nonjury case under Rule 59, Federal Rules of Civil Procedure, "for any of the reasons for which rehearings have heretofore been granted in suits in equity in courts of the United States." Fed.R.Civ.P. 59(a). Under this rule, the court is authorized to open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. *Id.* Although the ground is very narrowly applied,[2] one of the grounds that may warrant a new trial is a significant change or development in the facts after the submission of the issues to the court, *i.e.*, if there is a change in circumstances and the continued enforcement of the judgment would constitute an injustice. *Gregg v. American Quasar Petroleum Co.,* 840 F.Supp. 1394 (D.Colo.1991); *McClendon v. B & H Freight Services, Inc.,* 910 F.Supp. 364 (E.D.Tenn.1995); *see Nyberg v. City of Virginia,* 667 F.2d 754 (8th Cir.1982) (construing Rule 60(b)(5)).

In the instant case, the debtor has been on bed rest since the conclusion of the trial and his prognosis is unknown. The facts of this case were sufficiently close and the debtor's injury is so close in time to the trial that the Court believes that it is appropriate to open the judgment and take additional testimony, reconsider the determination of nondischargeability, and, if merited, direct the entry of a new judgment. Fed.R.Bankr.P. 9023; Fed.R.Civ.P. 59(a). Accordingly, it is

**2.** Indeed, even death of a plaintiff in a medical malpractice lawsuit has been held to not constitute an exceptional circumstance warranting new trial on damages. *Davis v. Jelli-*

**ORDERED** as follows:

1. The Defendant's Motion for New Trial, filed on August 27, 1999, is Granted to the extent that the parties may present evidence regarding the change in circumstances of his physical condition and the impact upon his financial condition. That is, the parties may not retry or attempt to buttress the facts and issues previously presented and determined.

2. Trial on the issues relating to the debtor's change in circumstances shall be held on December 2, 1999, at 1:00 p.m. of Courtroom 3 of the United States Bankruptcy Courthouse, 300 West Second Street, Little Rock, Arkansas.

**IT IS SO ORDERED.**

*co Community Hospital, Inc.,* 912 F.2d 129 (6th Cir.1990); *Boyd v. Bulala,* 905 F.2d 764 (4th Cir.1990).