IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20061
Summary Calendar
_____


IN THE MATTER OF:  MOSES MUZQUIZ, JR.,

                                        Debtor.

MOSES MUZQUIZ, JR.,

                                        Appellant,

     versus

W. STEVE SMITH,

                                        Appellee.

        *******************************

IN THE MATTER OF:  MOSES MUZQUIZ, JR.,

                                        Debtor.

W. STEVE SMITH,

                                        Appellee,

     versus

MOSES MUZQUIZ, JR.,

                                        Appellant.


_____

Appeal from the United States District Court for the
               Southern District of Texas
_____

January 16, 1996
Before GARWOOD, WIENER and PARKER, Circuit Judges.[*]

---

[*]     Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

GARWOOD, Circuit Judge:

Defendant-appellant Moses Muzquiz, Jr. (Muzquiz) appeals the district court's affirmance of the bankruptcy court's denial of his Motion to Set Aside Default Judgment and the award of Rule 11 sanctions against him.

## Facts and Proceedings Below

Muzquiz filed for Chapter 7 bankruptcy in Houston, Texas, on July 12, 1982. W. Steve Smith (Trustee) was appointed trustee of the Muzquiz estate, and he filed an adversary proceeding against Muzquiz and several other parties on December 23, 1983. Muzquiz responded to the adversary proceeding in February 1984. He thereafter moved to Michigan near the end of 1984.

Trustee attempted to depose Muzquiz in Houston for nearly ten months, beginning in early February 1985. Trustee first set Muzquiz's deposition for February 5, 1985. Muzquiz failed to appear on that date, and he then filed a motion for a protective order on February 13, 1985, arguing that the Trustee should have deposed him while he lived in Houston. After the bankruptcy court denied his motion for a protective order, Muzquiz, through his attorney Thomson, consented to being deposed in Houston and to paying sanctions to Trustee in the amount of $130. Despite this consent and the bankruptcy court's order, Muzquiz continued to fail to appear in Houston for an oral deposition and refused to set a date for such a deposition. In August 1985, Muzquiz filed another motion for protective order; this time he argued that he could not travel to Houston because of health problems. The bankruptcy court

2

specifically found the letter from Muzquiz's physician regarding his health problems to be inconclusive and unconvincing. Neither Muzquiz nor his attorney appeared at a noticed hearing in August 1985 regarding the Trustee's Second Motion for Contempt and additional sanctions. Muzquiz offers no excuse for his attorney's failure to appear at the contempt hearing.

After receiving warning that the failure to pay the sanctions or to make himself available for deposition in Houston would result in striking his pleadings and a default judgment, Muzquiz continued to defy the court. The bankruptcy court entered default judgment against Muzquiz on June 26, 1986. Because the default judgment did not contain a sum certain, trial was set to make this determination. In late 1986, notice of the trial to be held on September 10, 1987, was sent to Muzquiz individually at two different addresses in Michigan. He had failed to notify the court, the Trustee, or his creditors of his new address. Notice was also sent to his counsel of record, Joe Thomson, at two addresses; Thomson signed receipts for these notices.[1] Additionally, Muzquiz admitted in his deposition testimony that Thomson informed him of the default judgment at some time in 1986. Thomson also filed an Emergency Motion for Continuance of Conference in Chambers on August 14, 1986, indicating that he had been in contact with the court after default judgment was entered and six days after the court ordered notice of trial served.

---

[1] Though he is counsel on this appeal, Thomson never attempts to explain his signature on the returned receipt cards.

The trial was held on the date set, and the Trustee put on evidence. Neither Muzquiz nor Thomson appeared at the trial. There is evidence that an attorney considering whether or not to represent Muzquiz attended the trial as an observer and received a copy of the Trustee's proposed findings of fact and conclusions of law. Final judgment, dated January 6, 1988, was entered against Muzquiz. The docket sheet indicates that the parties were notified.

On February 28, 1990, Muzquiz, through new counsel, moved to set aside the default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. He based his motion on allegations that the bankruptcy court relied on evidence given by a biased witness, that he did not receive adequate notice of ongoing activities in the case, and that he did not receive effective representation. The bankruptcy court denied his motion and assessed Rule 11 sanctions against him in the amount of $2000 on June 1, 1990. Muzquiz appealed the denial and the sanctions to the district court. The district court affirmed the bankruptcy court's orders on December 22, 1994. On January 6, 1995, Joe Thomson began filing a flurry of motions in the district court, apparently[2] on behalf of Muzquiz. The district court eventually denied all of his motions except the one to allow substitution of counsel. Muzquiz filed a notice of appeal to this Court on January 23, 1995. He filed his First Amended Notice of Appeal in February 1995, and his Second

---

[2] The District Court granted a later Motion for Approval of Substitution of Appellant's Counsel on January 27, 1995.

4

Amended Notice of Appeal was filed on March 29, 1995.

## Discussion

I.   Denial of Appellant's Rule 60(b) Motion.

This Court reviews the denial of a Rule 60(b) motion for relief from judgment under an abuse of discretion standard, which only requires that the denying court's[3] decision be reasonable. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Rule 60(b) sets forth specific grounds for relief.  In this case, Muzquiz must show that he is entitled to relief either under one of the particular grounds in subsection one (i.e., mistake, inadvertence, surprise, or excusable neglect) or by proving "any other reason justifying relief" under subsection six.  All motions made under Rule 60(b) must be made within a reasonable time, and motions based on 60(b)(1) must be made not more than one year after the final judgment was entered.  Fed.R.Civ.P. 60(b).  Because Muzquiz filed his Rule 60(b) motion more than two years after final judgment was entered against him, he cannot rely on Rule 60(b)(1).[4]

---

[3]     In an appeal from a district court review of a bankruptcy court order, this Court independently reviews the bankruptcy court's decision.  *In re Precision Steel Shearing, Inc.*, 57 F.3d 321, 324 (3d Cir. 1995); *see In re Holloway*, 955 F.2d 1008, 1009-10 (5th Cir. 1992).

[4]     Muzquiz argues that lack of notice should extend this time period, but the utter groundlessness of his claim of lack of notice renders this argument wholly without merit.  Muzquiz's complaints that he did not receive notice of the default judgment, the trial setting to determine the sum certain, or of the final judgment are without merit.  It is clear from the record that Thomson received notice of the default judgment and the trial setting.  A litigant "is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon

Consequently, Muzquiz must prove that the bankruptcy court abused its discretion in denying his motion under Rule 60(b)(6).

To be eligible to have a motion granted under Rule 60(b)(6), a movant must show the initial judgment to have been manifestly unjust and that there are "exceptional circumstances" justifying relief. *Edward H. Bohlin Co.*, 6 F.3d at 357. Muzquiz fails to meet either of these requirements. The bankruptcy court did not abuse its discretion in denying his Rule 60(b) motion.

II. Sanctions for Contempt

Muzquiz also appeals the district court's affirmance of the $2000 Rule 11 sanction imposed by the bankruptcy court in connection with his filing of the Motion to Set Aside Default Judgment. A lower court's imposition of Rule 11 sanctions will be reversed only for abuse of discretion. *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 872 (5th Cir. 1988) (en banc). Muzquiz attacks the bankruptcy court's award of sanctions on three grounds: he argues the award should be reversed because (1) the court failed to state findings of fact and conclusions of law; (2) it violated due process by failing to consider his response to the motion for sanctions; and (3) Trustee provided no evidence of costs associated with the motion.

A. Findings of Fact and the Merits of the Sanction

the attorney.'" *Link v. Wabash R.R. Co.*, 82 S.Ct. at 1390 (citation omitted).

Even if Muzquiz was entitled to personal notice, he received it. He admits to being informed of the default judgment in 1986, and the mailing of notice to the two Michigan addresses afforded him notice of the trial setting. *See In re Eagle Bus Mfg., Inc.*, 62 F3d 730, 735-36 (5th Cir. 1995).

6

This Court only requires a court to issue specific findings of fact and conclusions of law in support of a Rule 11 sanction if "the basis and justification for [the] decision is not readily discernible on the record." *Thomas*, 836 F.2d at 883. It is clear from the record in the instant case that the basis and justification for the sanctions was that the Rule 60(b) motion was not well-grounded in law or fact.

Muzquiz's Motion to Set Aside Default Judgment was meritless if based on Rule 60(b)(1) because it was made more than a year late. *See* Fed.R.Civ.P. 60(b). Although his motion might be construed to make an argument for applying Rule 60(b)(1) beyond a year in cases where the litigant was not notified of the judgment, it is still groundless under Rule 60(b)(1) because the alleged lack of notice was itself without basis in law or fact. A reasonable inquiry by counsel would have shown that Muzquiz did receive notice more than a year before the filing of the motion. Muzquiz asserts no argument on appeal—other than the frivolous lack of notice allegations—that the judgment was manifestly unjust or that there were exceptional circumstances justifying relief. Because Muzquiz's Motion to Set Aside Default Judgment necessarily relied on the alleged lack of notice, it had no basis in fact.

B. Due Process Claims

Muzquiz also complains that the bankruptcy court awarded Rule 11 sanctions against him in violation of the Due Process Clause because it ruled on the Trustee's motion for sanctions prior to receiving his reply brief, afforded him no opportunity to be heard,

7

and held no evidentiary hearing. It is true that Rule 11 sanction decisions must comport with due process, which means the sanctioned party must receive notice and an opportunity to be heard. *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994). Muzquiz received both.

The notice requirement for Rule 11 sanctions varies depending on the conduct subject to review. *Spiller v. Ella Smithers Geriatric Center*, 919 F.2d 339, 346 (5th Cir. 1990). This Court has held that the existence of Rule 11 is, standing alone, enough notice to an attorney who files court papers with no basis in fact.[5] *Id.*

Neither did the bankruptcy court's failure to hold a hearing deprive Muzquiz of his due process rights. *See Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 236 (5th Cir. 1990). In the instant case Muzquiz claims that he did not have the opportunity to be

---

[5] In addition to the imputed notice Rule 11 imparts, Trustee filed a motion for sanctions with its reply brief, explaining the groundlessness for Muzquiz's motion. Trustee certified that he properly sent a copy of the motion and reply brief to Muzquiz. Muzquiz did not present any evidence that he failed to receive notice of the motion; he relies solely on a bare allegation in his brief, neglecting to submit an affidavit to support this contention. In contrast, Muzquiz also claimed that the bankruptcy court "inadvertently tipped [him] off" about the Trustee's motion in its Certificate of Telephonic Notice, which he admits receiving some time prior to the entry of sanctions against him.

The bankruptcy court did not rule on the notice of sanctions issue. The district court impliedly found no merit in Muzquiz's claim of lack of notice of the sanctions when it affirmed the bankruptcy court's order of sanctions. Considering the history of appellant's conduct in this litigation, including repeated misstatements of the facts, his dilatory tactics, and his misunderstanding of the concept of notice, the district court did not abuse its discretion in affirming the sanctions with an implied determination that Muzquiz's claim that he did not receive notice of the sanctions was disingenuous.

heard because the bankruptcy court issued sanctions without reading his response to Trustee's motion for sanctions. Trustee's motion was filed on March 12, 1990. The bankruptcy court did not rule on the motion for over two and one half months. Muzquiz had the opportunity to be heard by filing a response during that time. He did not take advantage of the opportunity. Accordingly, the district court did not abuse its discretion in affirming the bankruptcy court order.

### C. Amount of Sanctions

Courts are vested with "considerable discretion in determining the 'appropriate' sanction" under Rule 11. *Thomas*, 836 F.2d at 877. This discretion should be exercised in a manner that fosters the purpose of Rule 11: "*to deter attorneys from violating the rule.*" *Id.* (emphasis in original); *see Spiller*, 919 F.2d at 345. The least severe sanction adequate to serve that purpose should be imposed. *Thomas*, 836 F.2d at 878. As previous sanctions of $130 and $3500 did not persuade Muzquiz to comply with bankruptcy court orders, the sanction in the amount of $2000 was not an abuse of discretion. *See Markwell v. County of Bexar*, 878 F.2d 899, 903 (5th Cir. 1989).

### Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.