**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-50050
Summary Calendar

_____

YONOK WARSON; ET AL,

Plaintiffs,

YONOK WARSON and WILLIAM K. KIM,

Plaintiffs-Appellants,

versus

THE WALT DISNEY CO.,INC., ROBERT S. OGDEN, JR.,
TRADEMARK FACTS, INC., JOHN M. CONE, SHIREEN
I. BACON, HILDA C. GALVAN, STRASBURGER & PRICE,
L.L.P., CHRISTOPHER J. CROSS, KENNETH M. BATES,
and BATES INVESTIGATION, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(97-CV-229)

_____

August 26, 1999

Before POLITZ, WIENER, and BENAVIDES, Circuit Judges.

Per Curiam[*]

    This is an appeal from the dismissal of a suit seeking recovery on several theories grounded in inconvenience and stress associated with defending (successfully) a prior copyright and

---

    [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

trademark action in which Defendant-Appellee The Walt Disney Company, Inc. ("Disney") sued Plaintiffs-Appellants Yonok Warson, William Kim ("Warson" and "Kim" or, collectively, the "Plaintiffs"), and others for selling counterfeit copies of Disney's merchandise. In a bench trial of the earlier suit, the district court held that Disney had failed to prove that the Plaintiffs and others had sold any counterfeit merchandise.[1] Agreeing with all dispositions of the district court in this case, we affirm.

## I.

### Facts and Proceedings

Warson and Kim brought the instant action against Disney and other Defendants-Appellees (entities and individuals involved in the earlier lawsuit as attorneys, investigators, and the like) ("Disney et al."), seeking recovery under 42 U.S.C. §§ 1981, 1982, 1983, and 1985. They also sought recovery for malicious prosecution, abuse of process, negligence and gross negligence, filing of frivolous lawsuits, and invasion of privacy. The district court in the instant lawsuit granted summary judgment to Disney et al. on all claims. The Plaintiffs ask us to reverse that summary judgment and also challenge the district court's denial of their Motions for Reconsideration, under Fed. R. Civ. P. 59(e), and for Relief from Order, under Fed. R. Civ. P. 60(b).

## II.

---

[1] The court awarded costs and attorney fees to the defendants in that underlying action; however, Warson and Kim appeared pro se in the first lawsuit and thus did not recover attorney fees.

<u>Analysis</u>

As a threshold matter, we affirm the district court's statement of the appropriate standard for considering a motion for summary judgment. The movant has the initial burden of showing the absence of a genuine issue of material fact, and once the movant satisfies that burden, the non-movant must point to affirmative evidence, <u>beyond the pleadings</u>, to establish a genuine issue for trial.[2] We review the district court's grant of summary judgment <u>de novo</u>.

As for Warson and Kim's constitutional claims, we find no genuine issue of material fact. To establish a section 1981 violation, a plaintiff must show that (1) he is a member of a racial minority, and (2) the defendant (a) intentionally discriminated against the plaintiff on the basis of race, and (b) interfered with one of the activities enumerated in the statute, here, contract rights.[3] The district court based its ruling on the absence of evidence of interference with contract. We never reach the question whether Warson and Kim's proffered evidence[4] would create a genuine issue of material fact as to contract interference: Those claims fall because the Plaintiffs failed to

---

[2] <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986).

[3] <u>Green v. State Bar of Tex.</u>, 27 F.3d 1083, 1086 (5th Cir. 1994).

[4] In arguing that a genuine issue of fact exists, Warson and Kim point to their own deposition testimony. Warson initially said she did not understand the question and then denied any interference. Kim asserted that his ability to enter contracts was impaired by the underlying lawsuit and described routine business interruptions associated with defending the suit.

3

present any evidence that would create a genuine issue of fact on the intent-to-discriminate element. The record does indicate that Warson and Kim are Korean Americans but does not contain any evidence, either direct or circumstantial, of Disney's discriminatory intent. The Plaintiffs repeatedly <u>allege</u> both in their pretrial pleadings and in their appellate brief, that Disney "singled them out" because they were foreign, but they provide no <u>evidence</u> creating an issue of fact. More importantly, we cannot even begin to contemplate the policy implications of entertaining a constitutional case whenever legal process interferes with a litigant's business. We reject the suggestion that the ambit of section 1981 is broad enough to encompass such a cause of action.

The section 1982 claim similarly fails for lack of proof of discriminatory intent. Moreover, Warson and Kim have not identified any interference with property right, which is the gravamen of a section 1982 claim.[5]

As for their section 1983 claim, Warson and Kim have not demonstrated any action taken "under color of" state law as required by that statute. The prosecution of a private lawsuit solely by private actors does not satisfy the "under color of" requirement.[6]

In the absence of civil rights violations under any of these statutes, there can be no conspiracy to violate such rights. And

---

[5] <u>Cf.</u> <u>College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.</u>, 119 S. Ct. 2219, 2224 (1999) (affirming that activity of doing business is not a property right).

[6] <u>Dahl v. Akin</u>, 630 F.2d 277, 281 (5th Cir. 1980).

**4**

without a conspiracy, there can be no viable claim under section 1985.

We also reject the Plaintiffs' alternative argument, advanced for the first time in their appellate brief, that even if they have not shown a disputed issue of material fact on the constitutional claims, they should be permitted to proceed past the summary stage to have an opportunity to argue for an "expansion of the purview of the law." Any legal argument Warson and Kim may have to that effect appropriately would have to be presented first to the district court and then to this Court, but never to a jury. This contention affords no basis for reversing the summary judgment.

As for the Plaintiffs' remaining theories of recovery, we perceive no error in the rulings of the district court dismissing all counts of the complaint; neither is anything to be gained by writing separately other than to address briefly the Plaintiffs' additional arguments on appeal.[7] In analyzing Warson and Kim's claim for malicious prosecution, the district court focused on the "special injury"[8] requirement, which Texas courts have defined as interference with person or property.[9] Warson and Kim concede that

---

[7] We find no error in the district court's construing Warson and Kim's claims for abuse of process, gross negligence, and negligence as mere reiterations of their claim for malicious prosecution. Also, with no further discussion, we affirm the dismissal of Warson and Kim's claim for invasion of privacy for the reasons given by the district court.

[8] Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 207 (Tex. 1996).

[9] Id. at 208-09.

5

they suffered no special injury in the strict sense[10] but argue for an extension of the law based on their unique circumstances. They assert that they suffered "special injury" because they are foreign-born, non-native speakers of English who lack knowledge of the law and who were sued by a large corporation possessing extensive legal expertise and resources. We reject the suggestion that the tort of malicious prosecution includes a "thin skull rule" which would liberally allow claims for particularly vulnerable or unwitting defendants. In any event, despite the disadvantages that Warson and Kim suggest about their legal and linguistic shortcomings, we cannot overlook the fact that they nevertheless prevailed in the underlying lawsuit. This case provides no basis for reinterpreting or extending Texas law.

We also find no error in the district court's construing Warson and Kim's claim for "filing frivolous lawsuits" as a Federal Rule 11 motion for sanctions. The Plaintiffs assert that the district court erred in failing to address the specific statutory language of "the Texas code." Only now, for the first time on appeal, do Warson and Kim refer specifically to the "Texas Civil Practices & Remedies Code, § 9.00 et seq." We presume from their general citation and the elements of the claim listed by the Plaintiffs in their Original Petition, that they intended to direct

---

[10] In their appellate brief, the Plaintiffs "acknowledge they suffered no loss of freedom or impoundment of property and these are usually necessary for a charge of malicious prosecution in Texas."

the court's attention to § 9.011[11] which is substantially the same as Federal Rule 11(b)(1).[12] Concluding that the district court did not err in analyzing this claim as the equivalent of a motion under Federal Rule 11, we also affirm the court's legal conclusion that its inherent power to sanction does not extend to conduct occurring in another tribunal.[13] Warson and Kim's "filing frivolous lawsuits" claim pertains to Disney's conduct during the <u>first</u> lawsuit, conducted in a different division of the district court — one that has now awarded Warson and Kim costs for the burdens of that litigation.

Finally, Warson and Kim appeal the district court's denial of their post-judgment Motion for Reconsideration, under Fed. R. Civ. P. 59(e), and Motion for Relief from Order, under Fed. R. Civ. P. 60(b). The decision to deny such relief is reviewed under the abuse of discretion standard.[14] Regarding the motion under Rule 59(e) (entitled "Motion to Alter or Amend Judgment"), the Plaintiffs cite no authority to support their asserted grounds on which a court may grant such a motion; they merely re-cycle their arguments against the original summary judgment motion. Regarding

---

[11] TEX. CIV. PRAC. & REM. CODE ANN. § 9.011 (West Supp. 1999) (regarding claims brought in bad faith, for purpose of harassment, or for improper purpose such as to cause delay or increase cost of litigation).

[12] FED. R. CIV. P. 11(b)(1) ("[claim] is not being brought for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation").

[13] <u>In re Case</u>, 937 F.2d 1014, 1023-24 (5th Cir. 1991).

[14] <u>Edward H. Bohlin Co. v. Banning Co.</u>, 6 F.3d 350, 353 (5th Cir. 1993).

the Motion for Relief from Order under Rule 60(b), Warson and Kim fail to show surprise or excusable neglect; neither do they point to any new evidence that was previously unobtainable despite the exercise of due diligence.  In fact, they admit that some of the evidence was available but that they decided not to submit it as a trial tactic or as a misunderstanding of their burden in responding to a motion for summary judgment.  They do not show that the judgment on Defendants-Appellees' motion for summary judgment was unfairly obtained or provide any other reason justifying relief from operation of the judgment.[15]  Warson and Kim provide no new grounds for granting their rather extraordinary remedial motions other than pleading for "substantial justice" in light of their purportedly inferior litigating position and their claim of an interest in "exhausting" all methods of relief available at the trial court level.  On the instant facts, we find those interests do not outweigh the court's interest in finality.[16]  The district court did not abuse its discretion in denying the post-judgment motions.

### III.

### Conclusion

Based on our <u>de novo</u> review of the district court's Memorandum Opinion and Order in light of the facts revealed by the summary judgment record and the legal arguments advanced in the appellate briefs of counsel, we conclude that the district court's grant of

---

[15] FED. R. CIV. P. 60(b)(1)-(3),(6).

[16] <u>Edward H. Bohlin Co.</u>, 6 F.3d at 355, 356.

summary judgment in favor of Disney et al. dismissing Warson and Kim's action, should be affirmed, essentially for the reasons set forth in the thorough and well-crafted opinion of that court. In addition, we affirm the district court's denial of Warson and Kim's Motion for Reconsideration and Motion for Relief from Order. AFFIRMED.

**To:**            Judge Wiener

**From:**          EAW

**Date:**          August 6, 1999

**Case:**          <u>Warson v. The Walt Disney Co.</u>

                   No. 99-50050

**Appeal from:**   Western District of Texas (Briones, J.)

**Recommendation:** Affirm by P.C.

**Summary:**       Plaintiffs in the instant action were 2 of 28
                   defendants in a previous lawsuit brought by
                   Disney for copyright and trademark
                   infringement. In the earlier case, the
                   district court (Sparks, J.) in a bench trial,
                   found that Disney failed to prove that the
                   defendants sold counterfeit merchandise and
                   entered a judgment on behalf of the
                   defendants, awarding costs and attorney fees.
                   After winning the first case, Plaintiffs in
                   this action seek remedies on various legal

10

theories for having to defend the earlier suit. Central to all the claims is Plaintiffs' assertion that they are Korean-Americans with limited resources and limited knowledge of legal process who were taken advantage of by Disney's corporate power and money. The district court in the instant case granted Defendants' (Disney et al.) motions for summary judgment.

**Issues on appeal:**

1. Whether Plaintiffs established a genuine issue of material fact regarding Defendants' interference with contract under section 1981. (No.)

2. Whether Plaintiffs stated a cause of action for violation of sections 1982, 1983, and 1985. (No.)

3. Whether Plaintiffs established a genuine issue of material fact on invasion of privacy. (No.)

4. Whether Plaintiffs established a genuine issue of material fact on malicious prosecution. (No.)

   a. Whether the district court properly construed Plaintiffs'

actions for abuse of process, negligence, and gross negligence as claims for malicious prosecution which the court denied. (Yes.)

b. Whether the district court properly construed Plaintiffs' action for filing frivolous lawsuits as a Rule 11 claim for sanctions which the court denied. (Yes.)

5. Whether the district court abused its discretion in denying Plaintiffs' 59(e) Motion for Reconsideration and Rule 60(b) Motion for Relief from Judgment. (No.)

**DISCUSSION**

This appeal comes after protracted pre-trial litigation, with many supplemental filings and requests to be re-heard and reconsidered, in which Plaintiffs-Appellants Warson and Kim sought damages on various theories for inconvenience and stress they suffered in defending an earlier lawsuit that they <u>won</u>. Warson and Kim failed, with regard to all claims, to establish a genuine issue of material fact and seem to have confused their burden of <u>pleading</u> with their <u>Celotex</u> burden of coming forward with evidence in response to a motion for summary judgment. In addition, Warson and Kim misunderstand the role of the jury as a finder of <u>fact</u>, and request to proceed past the summary adjudication phase in order to "expand the purview" of certain legal theories or to allow a jury

**12**

to decide the proper way to construe their claims.  In addition to granting summary judgment correctly, the district court did not abuse its discretion in denying Warson and Kim's post-judgment Motions for "Reconsideration" and for "Relief from Judgment."

<u>Constitutional Claims:</u>

Warson and Kim bring claims under sections 1981, 1982, 1983, and 1985, none of which have merit.  The essence of the section 1981 claim is that Warson and Kim, owners of t-shirt shops in Texas, lost business or the ability to enter contracts because of the stress, expense, and travel associated with defending the first lawsuit.  Aside from the inappropriateness of the legal theory and the policy implications of allowing a constitutional case whenever legal process interferes with business, Warson and Kim do not create a genuine issue of material fact regarding interference with contract.  Warson and Kim point to their own deposition testimony to show disputed facts on this claim.  Warson, when asked about interference with contract, at first did not understand the question but then <u>denied</u> any such interference.  Kim stated affirmatively that he lost many contracts but did not elaborate.  Even if <u>Kim</u>'s statement —— looking at the facts in a light most favorable to the Plaintiffs —— could create a question of fact, Kim and Warson offer <u>no</u> evidence of Defendants' discriminatory intent which element is also necessary for a section 1981 claim.  Warson and Kim make repeated <u>assertions</u> in both their pretrial pleadings and in their appellate brief that Disney "singled them out" because they were foreign but provide no <u>evidence</u> creating an issue

**13**

of fact.

The section 1982 claim similarly fails due to the absence of evidence of discriminatory intent. Moreover, Kim and Warson do not identify any property right with which they experienced interference, which is the gravamen of a section 1982 claim. The section 1983 claim fails because there was no action "under color of" state law —— the filing of a private lawsuit will not satisfy that element. The section 1985 claim, conspiracy to violate civil rights, is derivative of finding some alleged right violated, which Warson and Kim did not demonstrate. As to the constitutional claims generally, Warson and Kim as much as admit that all the elements of the claims may not be met, but ask that the court reverse the grant of summary judgment so they may argue to extend the law. Any <u>legal</u> argument Warson and Kim may have to that effect appropriately should have been presented the district court or this court, not to a jury, thus there is no basis for reversing the summary judgment.

<u>State Law Claims:</u>

In support of the invasion of privacy claim, Warson and Kim claim a Disney investigator obtained a credit report on Warson. Disney clarifies (without any evidentiary support) that they never requested or obtained a <u>personal</u> credit report on Warson, but rather obtained publically filed information regarding ownership of Warson's business, which is not be invasion of privacy. The district court, even accepting that a personal credit report was obtained, dismissed the claim on the ground that Warson and Kim

**14**

failed to present evidence or discussion of how investigation of a readily available credit report is an "intrusion" that would be "highly offensive to a reasonable person." Warson and Kim, without elaboration, assert there is a jury question on what is "highly offensive." There is no discussion regarding how Kim could have standing to bring this claim, whatever the factual particulars.

As to the malicious prosecution claim, the district court held that Warson and Kim did not show "special injury," as required by state law. According to the Texas standard, "special injury" must be legal restraint on a person or on his ability to dispose of property. Warson and Kim admit they suffered no special injury in that strict sense (and Texas construes claims for malicious prosecution narrowly), but argue for an extension of the law based on their unique circumstances. Warson and Kim argue they suffered "special injury" because of the fact that they are foreign-born, non-native speakers of English who lack knowledge of the law and were up against a "big guy," Disney, which possessed extensive resources and expertise. To adopt such an expansive view of the "special injury" requirement, courts would have to allow a malicious prosecution claim whenever a big corporate interest sues an unsophisticated defendant. I do not find that malicious prosecution contemplates this sort of "thin skull" rule — a plaintiff should not be exposed to greater liability for malicious prosecution just because the defendant is particularly vulnerable or unwitting. In any event, whatever Warson and Kim assert about their legal and linguistic ineptness, they nevertheless prevailed

**15**

in the first lawsuit.  I see no basis for expanding Texas law.

The district court in a twenty-page Memorandum Order addressed each of Kim and Warson's additional claims and provided state law support for construing the claims of abuse of process, negligence, and gross negligence, as mere restatements of the claim for malicious prosecution.  I found no error with those conclusions.

The district court, with regard to the claim of "filing frivolous lawsuits," construed it as a Rule 11 motion for sanctions.  Warson and Kim, on appeal, argue that the court failed to address the Texas statutory language regarding "frivolous lawsuits" in dismissing that claim.  Warson and Kim refer generally to section "9.00 et seq" of the Texas Civil Practices and Remedies Code in support of the claim.  There is a provision at § 9.011 which includes the elements Warson and Kim describe.  The section is entitled "Signing of Pleadings" and mirrors Federal Rule 11(b)(1) in language and purpose, therefore the district court did not err in analyzing Kim and Warson's rather vague claim as a Rule 11 motion.  In fact, the Texas statute is actually narrower than Rule 11, as it requires bad faith, purpose to harrass, or other improper purpose, whereas Rule 11 may support sanctions merely for failure to investigate claims adequately.  In support of the merits of the "frivolous lawsuit" claim, Warson and Kim pointed to the district court order in the earlier lawsuit which discussed Disney's inadequate investigation and shoddy evidence.  Warson and Kim also intimated that Disney repeatedly has conducted this sort of harassing litigation against foreign business owners.  Even

accepting Warson and Kim's characterization of Disney's investigation and motivation in the earlier action, Kim and Warson already were awarded costs (even if not attorney fees, as they appeared pro se) for their defense in the first suit and, as the court in the second suit noted, a court's inherent power to sanction does not extend to conduct occurring in another tribunal. Therefore, the court did not err in refusing to grant the Rule 11 motion.

Post-Judgment Motions:

I find no abuse of discretion in the district court's refusal to grant Warson and Kim's Motions for Reconsideration and for Relief from Judgment. As to the so-called Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (actually entitled "Motion to Alter or Amend Judgment" in the Rules), Warson and Kim cited no authority in support of the grounds on which a court may grant such a motion but merely reasserted their arguments against the original motion for summary judgment. As to the Motion for Relief from Judgment under Federal Rule 60(b), Warson and Kim did not show surprise or excusable neglect; they did not point to any new evidence that was previously unobtainable despite the exercise of due diligence — in fact, they admit that some of the evidence was available but that they decided not to submit it earlier in the litigation as a tactical decision; they did not show that the judgment on Defendant's motion for summary judgment was unfairly obtained. Warson and Kim have no new arguments for granting either rather extraordinary remedial motion

other than pleading for "substantial justice" in light of their assertively inferior litigating position and claiming an interest in "exhausting" all methods of relief available at the trial court level.  Courts, however, interpret such motions narrowly to deter "sloppy practices" during litigation, and the district court did not abuse its discretion in refusing to grant the motions.