United States Court of Appeals,

Fifth Circuit.

No. 92-2924.

EDWARD H. BOHLIN CO., INC., Plaintiff-Appellant,

v.

The BANNING CO., INC., William C. Reynolds, John T. Reynolds, Sr., Edward H. Bohlin Co., Inc., Lillian Pinkerton, Walter Danielson, Gene Autry, and Jo Anne Hale, Defendants-Appellees.

Nov. 10, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOHNSON, WIENER, and DeMOSS, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant Edward H. Bohlin, Co., Inc. (Texas Bohlin) appeals the district court's denial of Texas Bohlin's Motion for Reconsideration and Alternately Motion for Relief from Judgment (Motion for Reconsideration), urging that the district court prematurely dismissed Defendants-Appellees The Banning Co., Inc., Edward H. Bohlin Co., Inc. (California Bohlin),[1] and two individual defendants (hereafter collectively, Defendants) for lack of in personam jurisdiction. The district court, Texas Bohlin contends, led it to believe that the sixty days allotted by the court for the parties to conduct discovery would pass before any ruling would be made on Defendants' Motion to Dismiss. Texas Bohlin complains that the district court's grant of Defendants' Motion to Dismiss before the sixty days had elapsed deprived Texas Bohlin of the opportunity to respond to the motion. Based on our determination that the district court did not abuse its discretion in denying Texas Bohlin's Motion for Reconsideration, we affirm.

I.

*FACTS AND PROCEEDINGS*

In state court, Texas Bohlin sued California Bohlin, The Banning Company, Inc., and six

---

[1] In an effort to avoid confusion, we will refer to Plaintiff Edward H. Bohlin Co., Inc., a Texas corporation, as Texas Bohlin; and Defendant Edward H. Bohlin Co., Inc., a California corporation, as California Bohlin.

individuals, seeking relief for copyright infringement under 17 U.S.C. § 501 and under state common law causes of action. The dispute centered around the right to use unregistered trademarks relating to the Bohlin company name. Four of the six individual defendants were never served with process. They did not participate in Texas Bohlin's lawsuit and thus are not parties to this appeal.

Defendants removed to federal court on the basis of diversity. On August 17, 1992, Defendants filed a Motion to Dismiss [for lack of personal jurisdiction], or, Alternatively to Transfer. That motion (the subject motion) was hand-served on Texas Bohlin in open court immediately before commencement of a hearing on an unrelated matter, Texas Bohlin's application for a temporary restraining order (TRO hearing). At the TRO hearing, the district court denied Texas Bohlin's TRO application and stated it would allow 60 days of discovery before it would decide Texas Bohlin's entitlement to an injunction. The docket control order, entered eight days after the TRO hearing, in fact set discovery to be completed more than 90 days later.

Texas Bohlin asserts that it construed the judge's statements at the TRO hearing to mean that the district court would not rule on either motion—the motion for injunctive relief *or* the subject motion—until the 60 days for discovery passed. As a result, Texas Bohlin states, it failed to file a response to the subject motion within the twenty days required by local rules for the Southern District of Texas:

> Submission. Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel.[2]
>
> Responses to motions. Failure to respond will be taken as a representation of no opposition. Responses to motions:
>
>> 1. Must be filed by the submission day [20 days from filing pursuant to Rule 6 D];
>>
>> 2. Must be written....[3]

Texas Bohlin seeks to excuse its failure by insisting that the district court had suspended local rules governing timing of responses to motions. Texas Bohlin also contends that at the TRO hearing the district court ordered Defendants to re-serve the subject motion and that the subject motion was

---

[2]S.D. TEX.RULE 6 D.

[3]S.D. TEX.RULE 6 E.

argued and denied.

Defendants did not re-serve their original motion to dismiss. Ten days after the TRO hearing, however, they supplemented the subject motion with additional supporting affidavits, which were served on Texas Bohlin. On or about that same day Texas Bohlin served California Bohlin with written interrogatories. Approximately one month later, after the time for response to the subject motion had passed and shortly before that motion was granted by the court, Defendants responded to Texas Bohlin's discovery request. They did so with a Motion to Quash Interrogatories and for Protective Order, asserting that California Bohlin had not yet been served with process and that the subject motion was pending; which motion, if granted, would render any discovery unnecessary.

Forty-six days after the TRO hearing, the court granted the subject motion and dismissed Defendants for lack of personal jurisdiction. Under Rule 6 E of the Southern District of Texas, failure to respond to a motion is treated as a statement of no opposition.[4] The district court justified its dismissal order on (1) Texas Bohlin's failure to respond to the subject motion in a timely manner under the local rules and (2) the complete lack of record evidence of the court's personal jurisdiction over Defendants.

Within ten days, Texas Bohlin filed a Motion for Reconsideration and Alternately Motion for Relief from Judgment (Motion for Reconsideration). Texas Bohlin asserted that it had not responded to the subject motion because it was not yet *required* to respond: first, the sixty-day period established by the district court to conduct discovery had not elapsed; and second, Defendants had not re-served the subject motion. Texas Bohlin did not present any evidence of Defendants' amenability to jurisdiction, but asserted that it was in the process of discovering jurisdictional facts. When Texas Bohlin filed the Motion for Reconsideration, it also filed both a response to Defendants' Motion to Quash Interrogatories and for Protective Order and a motion to compel discovery. Defendants did not respond in federal court to Texas Bohlin's Motion for Reconsideration. Rather, Defendants inadvertently filed a response in the state court from which the case had been removed. Only after the district court's decision on Texas Bohlin's Motion for Reconsideration did Defendants

---

[4]S.D. TEX.RULE 6 E.

file their response in federal court. The Motion for Reconsideration was denied and Texas Bohlin appeals its denial.

II.

*ANALYSIS*

A. *Standard of Review*

Texas Bohlin's Motion for Reconsideration is both a Rule 59(e) motion to alter or amend a judgment and a Rule 60(b) motion for relief from judgment. A motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e).[5] Under Rule 60(b), the court may relieve a party from final judgment on the basis of "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." We review the denial of either type motion under an abuse of discretion standard.[6] Under this standard, the court's decision need only be reasonable.[7]

B. *Disputed Facts*

Texas Bohlin contends—and Defendants deny—that (1) Defendants were ordered to re-serve the motion to dismiss, (2) the court had considered and denied the motion to dismiss at the TRO hearing, and (3) the court ruled that disposition of all motions would be delayed until the 60-day discovery period had elapsed. The dispute over these facts may be attributed in part to the existence of some confusion at the TRO hearing. The confusion initially stemmed from the fact that both the plaintiff and one of the defendants were named Edward H. Bohlin Co., Inc. Given the shared name, the court could only distinguish between these two corporations by their states of incorporation. Also confusing were the court's imprecise references to possible future motions to dismiss; in truth the court was referring not to Defendants as the potential movants but to *Texas Bohlin.*

---

[5]*Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990) (citing *Harcon Barge Co. v. D & G Boat Rentals,* 784 F.2d 665, 669-70 (5th Cir.1986) (en banc).

[6]*Midland West Corp. v. F.D.I.C.,* 911 F.2d 1141, 1145 n. 4 (5th Cir.1990) (Rule 59(e) motion); *Williams v. Brown & Root, Inc.,* 828 F.2d 325, 328 (5th Cir.1987) (Rule 60(b) motion).

[7]*Midland West Corp.,* 911 F.2d at 1145.

Moreover, at the time of the TRO hearing, a company called Regame was involved in a receivership proceeding. Regame, prior to being placed in receivership, had purportedly sold the right to use the Bohlin company name to Texas Bohlin. Thus the question of who had the right to use the company name could potentially have been decided in the receivership proceeding. That in turn could make appropriate the filing of a "motion to dismiss"[8] by *Texas* Bohlin on collateral estoppel grounds in the instant case. Additionally, the court—without naming a moving party—referred to another, different motion to dismiss, vaguely stating that dismissal may be appropriate if there is no cause of action.

Texas Bohlin cannot prevail on the disputes of any of these facts. First, the district court never stated that it would delay ruling on the subject motion until Defendants re-served it, and never ordered Defendants to re-serve the motion. During the TRO hearing, Defendants' attorney informed the court that Defendants had just filed a Motion to Dismiss—the subject motion—on grounds of lack of personal jurisdiction, and added that he did not know whether the motion had yet made it into the file. The court responded,

> It has not. It has not. Certainly, service has not been effectuated. I suppose you're going to have to do that.

At most, the court's statements may be construed to order service, not *re*-service. The court was clearly unaware that the subject motion had already been served on Texas Bohlin by hand delivery to counsel. Both Texas Bohlin and Defendants were well aware that the motion had already been served. The court's comments do not render the prior service ineffective. Contrary to Texas Bohlin's construction of this statement by the court, it did not order re-service of the motion.

Second, Texas Bohlin's contention that Defendants had urged the subject motion during the TRO hearing and that it was denied by the court is simply wrong. The statements by Defendants' attorney and the court's response, discussed in the preceding paragraph, are the only references to the subject motion during the TRO hearing. That hearing was conducted to consider a completely unrelated matter—Texas Bohlin's entitlement to a temporary restraining order. Defendants never

---

[8]Actually, the correct dispositive motion would be a motion for summary judgment based on collateral estoppel grounds.

urged that the subject motion be granted, but simply pointed out another reason why the TRO would be premature. The district court neither considered nor ruled on the subject motion: in fact, under Local Rule 6 D, the subject motion was not to be submitted to the court until twenty days after filing.[9] Thus Defendants' motion could not have been and was not before the court at the TRO hearing.

Finally, Texas Bohlin complains that at the TRO hearing it was led by the district court to believe that the parties had 60 days to conduct discovery before the court would rule on the subject motion. In support of its contention, Texas Bohlin quotes only a selected part of the court's statement. But an examination of the statement in its entirety, from which Texas Bohlin "cherry picked" only the initial portion, discredits this assertion. We illustrate this point by quoting the district court's statement in its entirety, printing in bold face type the portion omitted by Texas Bohlin in its filings in that court and here:

> All right. Then I would expect the lawyers, then, within 60 days, to complete the depositions that they think are necessary or present to the Court, see, because I don't know what—at this point, it may be that a motion to dismiss with certain documentation attached to it would be appropriate by the—I suppose the Texas corporation, because at that point there may have been issues that were tried or should have been tried in the other litigation. And if so, then that may resolve some of it.

Contrary to Texas Bohlin's representation, the quoted statement in fact refers to a possible future motion to dismiss *by Texas Bohlin* on collateral estoppel grounds: First, the district court referred to the movant as "the Texas corporation," not "the Defendants" or "the California corporation." Second, the future motion mentioned is one that the court expected to be based on issue preclusion, which would be appropriate only if Texas Bohlin were the movant.[10] Third, the "other litigation" referred to can only be the receivership proceeding for Regame, from which Texas Bohlin insists it acquired the right to use the Bohlin name. At least one of the issues that might be decided in the "other litigation" would be Texas Bohlin's right to use the Bohlin name.

Nevertheless, at least the court's final statement at the TRO hearing regarding a motion to dismiss is not so easily attributed. In closing the court stated—without mentioning which of the

---

[9] S.D. TEX. RULE 6 D.

[10] Again, the dispositive motion would be a summary judgment motion, not a motion to dismiss.

litigants would be the moving party—that a motion to dismiss might be appropriate, as there is no cause of action:

> ... I can decide whether or not it should [be] dismissed or whether or not an injunction should enter, because if it should be dismissed because there is no cause of action, then an injunction is appropriate, in my opinion.

Although we cannot discern with certainty which motion the court was discussing, we can eliminate with certainty any possibility that the court was alluding to the subject motion. The statement of the court clearly made no express or implied reference to dismissal for lack of personal jurisdiction.

We conclude that the court neither explicitly nor implicitly suspended local rules governing timing of responses to motions. Neither did the court explicitly or implicitly rule that it would delay consideration of the subject motion for sixty days.

C. *Denial of Motions: Abuse of Discretion?*

(1) Rule 59(e)

Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend.[11] The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e).[12] However, its discretion is not without limit.[13] The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.[14]

Texas Bohlin contends that justice requires that the district court be held to its announced deadlines and statements regarding service. Texas Bohlin maintains that here the following three factors outweigh the interest in finality of judgments: (1) reasonable reliance on the district court's 60-day deadline, (2) the unopposed nature of Texas Bohlin's Motion for Reconsideration, and (3) failure of Defendants to re-serve the subject motion, i.e., their motion to dismiss for lack of

---

[11]*Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *Kelly v. Delaware River Joint Comm'n,* 187 F.2d 93 (3rd Cir.), *cert. denied,* 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951).

[12]*Lavespere,* 910 F.2d at 174.

[13]*Id.*

[14]*Id.*

jurisdiction in personam.

The two latter "factors" are without merit. The fact that Texas Bohlin's Motion for Reconsideration was unopposed when decided is inapt. Although failure to respond to a motion will be considered a statement of no opposition,[15] the court is not required to grant every unopposed motion. The district court never issued the orders at the TRO hearing upon which Texas Bohlin attempted to rely in its Motion for Reconsideration.

Likewise, the transcript of the TRO hearing plainly reveals that the district court never directed Defendants to re-serve the subject motion. Thus Texas Bohlin was not entitled to wait until re-service of the subject motion to respond: its claimed basis for doing so was non-existent.

So, among the three "factors" proffered by Texas Bohlin as outweighing finality in the balancing to be done by the district court, the only one of substance here is Texas Bohlin's assertion that it reasonably relied on the purported 60-day discovery deadline in not responding to the subject motion. Unfortunately for Texas Bohlin, however, its failure to respond to the subject motion in compliance with Local Rule 6 E was not reasonable even if it did in fact delay responding in reliance on the 60-day discovery period.

The district court rejected Texas Bohlin's assertion that the court suspended consideration of the subject motion. The transcript of the TRO hearing supports the court's position: the 60-day period was solely to allow for discovery pertaining to the injunction issue. Texas Bohlin's attempt to cut and paste the language of the court at the TRO hearing is unpersuasive; the court's statements may not reasonably be construed as Texas Bohlin would have us construe them. The statements regarding that 60-day period were, at most, ambiguous regarding whether and how they applied to the subject motion. Yet in the face of the possible ambiguity of that direction of the court, Texas Bohlin never questioned it, either contemporaneously or at any time during the next 46 days!

Under the instant circumstances, the court could find—without abusing the broad discretion to which it is entitled—that the need for finality outweighs the need to render just decisions on the basis of all the operable facts. No abuse of discretion is demonstrated when the district court is

---

[15]S.D. TEX. RULE 6 E.

shown no valid reason for Texas Bohlin's failure to respond to the subject motion.

(2) Rule 60(b)

The court must engage in the same balancing of competing interests in deciding a Rule 60(b) motion for relief from judgment.[16] The 60(b) motion, however, is subject to unique limitations that do not affect a 59(e) motion. Rule 60(b) sets forth specific grounds for relief. In this instance, Texas Bohlin must show that it is entitled to relief either under one of the particular grounds listed in clause (1) of Rule 60(b) (mistake, inadvertence, surprise, or excusable neglect), or by demonstrating some other ground justifying relief under the omnibus provision of clause (6) of Rule 60(b). Several factors shape the framework of the court's consideration of a 60(b) motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgement was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.[17]

Denial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the "inadvertent mistake" of counsel.[18] Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief.[19] A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in "unique circumstances."[20] In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.[21]

---

[16]*Seven Elves v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981).

[17]*Seven Elves,* 635 F.2d at 402.

[18]*See, e.g., Williams,* 828 F.2d at 329.

[19]*Pryor v. U.S. Postal Serv.,* 769 F.2d 281, 287 (5th Cir.1985) (quoting 11 WRIGHT & MILLER, *Federal Practice and Procedure* § 2858 at 170).

[20]*Id.* (citation omitted).

[21]*Knapp v. Dow Corning Corp.,* 941 F.2d 1336, 1338 (5th Cir.1991).

As for a motion under clause (6), the movant must show "the initial judgment to have been manifestly unjust."[22] Clause (6) is a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances.[23]

> The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.[24]

For 60(b) relief, Texas Bohlin relies on its mistaken conclusion—or rationale—that the district court was suspending local court rules that govern timing of responses to motions. Texas Bohlin's incorrect interpretation of the court's actions does not justify relief under 60(b)(1).[25] Texas Bohlin failed to inquire as to the status of the subject motion. Texas Bohlin's ignorance of local rules or misconstruction of their applicability does not merit relief. Even under 60(b)(6), the instant case presents no unique circumstances that cry out for reversal. The initial order of dismissal was not shown to be manifestly unjust: Texas Bohlin offered no evidence of Defendants' amenability to personal jurisdiction of the court in opposition to the subject motion or in support of its own motion requesting reconsideration. As the court's denial of the 60(b) motion was not unreasonable, the court did not abuse its discretion.

## III.

### *CONCLUSION*

For the foregoing reasons, we are convinced that the district court did not abuse its discretion in denying Texas Bohlin's Motion for Reconsideration and Alternately Motion for Relief from Judgment. Consequently, the judgment of the district court denying Texas Bohlin's Motion for Reconsideration is

AFFIRMED.

---

[22]*Lavespere,* 910 F.2d at 173.

[23]*Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 604-05 (5th Cir.1986).

[24]*United States v. O'Neil,* 709 F.2d 361, 373 n. 12 (5th Cir.1983).

[25]*See id.,* 709 F.2d at 373-74, 375 (holding that denial of 60(b)(1) motion not abuse of discretion where movant misconstrued court's use of word "sever" and failed to timely appeal; movant had ample opportunity to resolve confusion or ambiguity before time for appeal lapsed).