**In re John A. SALTER.**

**Bankruptcy No. 9303892JEE.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

May 16, 1997.

John A. Salter, pro se.

Terre M. Vardaman, Jackson, MS, for Chapter 13 Trustee, Harold J. Barkley, Jr.

### ORDER DENYING *MOTION TO ALTER OR AMEND JUDGMENT*

EDWARD ELLINGTON, Chief Judge.

**THIS MATTER** came before the Court on the *Motion To Alter Or Amend Judgment* filed by the *pro se* Debtor, John A. Salter. Having considered same and being otherwise fully advised in the premises, the Court finds that the motion should be denied for the reasons stated below.

### *DISCUSSION*

On April 10, 1997, a trial was held on the *Trustee's Motion To Dismiss.* At the conclusion of the trial and after considering the testimony, the documentary evidence and the oral arguments presented at the trial, the Court stated its *Findings of fact and Conclusions of law.* Based upon the *Findings of fact and Conclusions of law* which were stated orally and recorded in open Court, the Court entered its *Final Judgment Dismissing Case* on April 11, 1997.

On April 21, 1997, the Debtor filed his *Motion To Alter or Amend Judgment.* The Debtor's motion is based upon Federal Rule of Bankruptcy Procedure 9023. In his mo-

tion, the Debtor states that "(t)his judgment order dated April 11, 1997, was obtained through fraud, misconduct and misrepresentation on the part of the Trustee, the Asst. U.S. Attorney, and this Court." (*Motion To Alter,* ¶ 2, p. 1). The Debtor then goes on to argue issues relating to the Internal Revenue Service's proof of claim.[1] These arguments are not relevant to the April 11, 1997, *Final Judgment Dismissing Case* which was entered after the April 10, 1997, trial on the *Trustee's Motion To Dismiss* which was filed by the Chapter 13 Trustee, Harold J. Barkley, Jr.

Federal Rule of Bankruptcy Procedure[2] 9023 makes Federal Rule of Civil Procedure 59 applicable in contested matters. This proceeding is a contested matter pursuant to Rule 9014. Federal Rule of Civil Procedure 59(e) states:

**Rule 59. New Trials; Amendment of Judgments.**

**(e)** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

■ "A party may properly use a motion to alter or amend a judgment under FRCP 59(e) to request the trial court to correct errors of law or mistakes of fact in its judgment." 3 Shepard's Editorial Staff, *Motions In Federal Court,* 3 Ed. § 9.59 (footnote omitted). Rule 59(e) may be utilized:

—to vacate an order, such as an order of dismissal, or a grant of summary judgment.

—to make minor alterations of the judgment.

—to grant relief requested but not considered in the original judgment.

—to correct errors of law.

—to vacate a judgment because the court lacked subject matter jurisdiction.

. . . .

If properly raised, a motion to alter or amend a judgment is not limited to the issues expressly raised therein, but the effect of such a motion is to open up the judgment for a correction of any other error which may have intervened in entry of the judgment.

25 *Fed Proc,* L.Ed. 3rd § 58:42 (footnotes omitted).

■ As evident above, a motion to alter or amend may be utilized to correct a judgment for a wide variety of errors, but its use is not limitless. A motion to alter or amend a judgment under Rule 59(e) "is not available for motions seeking

—the complete reversal of a judgment simply because it is erroneous.

. . . .

—to present additional evidence or legal theories not brought forward previously." *Id.*

■ "A motion under FRCP Rule 59(e) to alter or amend a judgment is addressed to the sound discretion of the trial court." 3 Shepard's Editorial Staff, *Motions in Federal Court,* 3 Ed. § 9.64 (footnote omitted). The Fifth Circuit Court of Appeals has held that a court "has considerable discretion in deciding whether to . . . [grant a motion] under Rule 59(e). However, its discretion is not without limit. The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir.1993).

■ The Court does not find that its April 11, 1997, final judgment was unjust or unfounded. The Debtor has not shown where the Court needs to correct errors of law or to make minor alterations to the judgment. Nor has the Debtor shown any grounds to vacate the order of dismissal. To

---

1. This Court denied the Debtor's objection to the IRS' proof of claim on June 16, 1994, in its *Findings Of Fact and Conclusions Of Law and Final Judgment.* On September 26, 1995, Judge David C. Bramlette, III, United States District Court Judge for the Southern District of Mississippi, affirmed the Bankruptcy Court order of June 16, 1994 (cause number 3:94cv577BrN). On October 24, 1996, the United Stated Fifth

Circuit Court of Appeals affirmed the District Court order of September 26, 1995 (cause number 95–60758).

2. Hereinafter, all Rules refer to the Federal Rules of Bankruptcy Procedure unless specifically noted otherwise.

the contrary, the Debtor never addresses the issues raised by the Trustee in his motion to dismiss. Rather he continues to argue the previously litigated issues regarding the IRS' proof of claim. The Court rendered its decision on the motion to dismiss after considering all of the facts, evidence, and testimony presented at the trial. "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *In re Stoecker,* 143 B.R. 118, 147 (Bankr.N.D.Ill.1992) *rev'd on other grounds,* 5 F.3d 1022 (7th Cir.1993).

To achieve the finality of this case, the Debtor's motion should be denied

**IT IS THEREFORE ORDERED** that the *Motion To Alter Or Amend Judgment* filed by the Debtor on April 21, 1997, is hereby denied.