IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50794
Conference Calendar

_____

LEE ROGER SIMPSON, JR.,

Plaintiff-Appellant,

versus

LARRY PAMPLIN, Sheriff,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-92-CV-95
- - - - - - - - - -
April 9, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Texas state prisoner Lee Roger Simpson, Jr., No. 642385, appeals the district court's denial of his motion to reopen a 42 U.S.C. § 1983 action which the district court previously dismissed without prejudice for failure to prosecute.

Simpson is trying to reopen his civil rights action to challenge the outcome of his separate federal habeas proceeding, which he cannot do. The district court did not abuse its discretion by denying Simpson's motion, which this court has

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construed as a motion brought pursuant to Rule 60(b).  See Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 353 (5th Cir. 1993).

The district court correctly determined that Simpson's appeal was frivolous.  Simpson's motions for IFP are DENIED. Because Simpson has not demonstrated a nonfrivolous issue for appeal, the appeal is DISMISSED.  See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

Simpson has filed a host of motions with this case.  They are:  1) a motion for appointment of counsel; 2) three motions for a speedy resolution that the clerk's office treated as motions to expedite the appeal; 3) a motion for the court to review the appeal under the standard of a first impression case; 4) a motion to correct record on appeal; 5) a motion for Sergeant David E. Moore's supplemental affidavit to be considered as a correction affidavit during appellate review; 6) a motion for Moore's affidavits to be reviewed as a voluntary confession during appellate review; 7) a motion for appeal to be reviewed under the theory of United States v. Pofahl, 990 F.2d 1456 (5th Cir. 1993) and Kentucky v. Stincer, 482 U.S. 730 (1987), which the court's clerk's office treated as a motion for extraordinary relief; 8) a motion for leave of court to explain eight material facts before ruling on appellant's motion for speedy resolution; 9) a motion to correct brief with unfiled corrected brief attached; 10) a motion to voluntarily dismiss the motion for appointment of counsel and the motion to have appeal reviewed

under <u>Pofahl</u> and <u>Stincer</u>; 11) a motion for leave of court to file a supplemental brief; 12) a motion for leave of court to show supremacy of federal law over state law; 13) a motion requesting the court to decide the appeal on Moore's affidavits; and 14) a motion for correction of the record on review or enforcement.

These motions are DENIED as moot.

We caution Simpson that any additional frivolous pleadings or appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Simpson is further cautioned to review any pending pleadings or appeals to ensure that they do not raise arguments that are frivolous.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED AS MOOT; SANCTIONS WARNING ISSUED.