# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

———————————

No. 00-10424

(Summary Calendar)

———————————

ROSANNA L. GONZALEZ,

Plaintiff-Appellant,

versus

STATE FAIR OF TEXAS, INC.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
For the Northern District of Texas
(3:99-CV-1414-D)

———————————

October 13, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

   Rosanna Gonzalez appeals the district court's denial of her motion to alter or amend

summary judgment. We affirm.

———————————

   [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Gonzalez worked for State Fair of Texas, Inc. for six months until she was dismissed from her position as the Director of Sponsorships. She sued State Fair alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* State Fair filed a motion for summary judgment on January 14, 2000, and offered evidence that it had discharged Gonzalez due to poor work performance. The district court ordered Gonzalez to respond to the summary judgment motion by February 3.

Gonzalez's attorney, Frank P. Hernandez, was preoccupied with a trial for another client during this time. He ordered his new clerk to note the response due date on his calendar. She, unfortunately, neglected to mark it. After finishing his trial on January 20th, Hernandez returned to practice but failed to notice that his clerk had not updated his calendar. He realized on February 7th that he had missed the response date. On that same day, the court entered summary judgment in favor of State Fair. Three days later, Hernandez belatedly filed several motions, including the reply to State Fair's summary judgment brief. The court denied all motions as untimely and moot.

Gonzalez then filed a motion to amend or alter judgment under Rule 59(e).[1] *See* FED R. CIV. P. 59(e). The district court denied the motion. Although the court noted that State Fair would not suffer unfair prejudice if the case was reopened, it held that Gonzalez failed to offer a valid excuse for its untimely filings.

---

[1] Gonzalez did not cite to a specific Federal Rule of Civil Procedure (except for the prefatory Rule 1). The court, however, correctly construed it as a motion to alter or amend judgment since she filed it within ten days of the court's decision. Had Gonzalez waited over ten days, her motion would have fallen under Rule 60(b)'s relief from judgment or order. *See Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir. 1986) (establishing a bright line application rule for Rule 59(e) and Rule 60(b)). Rule 60(b) and 59(e) have significant overlaps, but Rule 59(e) "does not require a showing as onerous as Rule 60(b) would require" to vacate a judgment. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798, *3 (N.D. Tex. 1999) (noting that under Rule 60(b), the movant's reason for reopening the case must fall into one of several specified categories, such as "excusable neglect" or "surprise," while Rule 59(e) gives courts broad discretion to decide).

We review the district court's denial of a Rule 59(e) motion for an abuse of discretion. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).

In assessing a motion to alter or amend a judgment, trial courts have considerable discretion, but they must balance two judicial imperatives: "the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *See Lavespeare v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990), *cert. denied,* 510 U.S. 859 (1993), *rev'd on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (1994) . This balancing test requires courts to consider (1) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened, and (2) the reasons for the moving party's default. *See id.; see also Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. 1999) (denying a 59(e) motion where a party failed to respond to a summary judgment motion).

In light of this broad discretion given to trial courts, we cannot say that the district court's decision was unreasonable. *See St. Paul Mercury Ins.*, 123 F.3d at 339 ("Under [the abuse of discretion standard], the district court's decision need only be reasonable.").

First, we agree with the district court that while reopening the case, by definition, may prejudice State Fair, it would not *unfairly* prejudice it. State Fair would only have to pay the legal costs of responding to the motion. However, as the court noted, the lack of unfair prejudice alone does not entitle Gonzalez to alter or amend summary judgment. Otherwise, "the prejudice factor would not be nonexclusive, it would be determinative." *Artemis Seafood*, 1999 WL 1032798 at *3. It would also allow parties to ignore a court's response deadlines, since it is rare that reopening a case within ten days of summary judgment unfairly prejudices the nonmoving party.

Second, we find that the district court did not abuse its discretion in holding that Gonzalez

had failed to offer valid excuses for her untimely responses. Gonzalez's attorney had over two weeks after his January trial had ended to respond to State Fair's motion or to request an extension. He did neither. Moreover, negligence by Hernandez or his clerk does not generally constitute a valid excuse. *See, e.g., Edward H. Bohlin Co. v. The Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993) (holding that "inadvertent mistake of counsel[, g]ross carelessness, ignorance of rules or ignorance of law" do not justify granting a Rule 59(e) or 60(b) motion).

The Fifth Circuit has previously affirmed a district court's denial of a 59(e) motion in similar circumstances. In *Edward H. Bohlin Co, Inc.*, 6 F.3d at 353, the plaintiffs had failed to respond timely to a summary judgment motion because they misinterpreted a local rule. The Fifth Circuit held that a district court has the discretion to decide "that the need for finality outweighs the need to render just decisions on the basis of all operable facts" when a plaintiff fails to show a valid reason for not responding to summary judgment motion. *Id.* at 356. Similarly, we hold here that the district court had the discretion to deny Gonzalez's motion to alter or amend the judgment.[2]

AFFIRMED.

---

[2] The district court's opinion correctly distinguished between Rule 60(b)'s "more onerous" standard (which requires that the movant's reason fall into one of several specified categories, such as "excusable neglect") and Rule 59(e)'s less stringent requirement. But then it noted that the "errors that occurred here are not *even* sufficient to rise to a level of excusable neglect" (emphasis added). To the extent that it may suggest that Rule 59(e)'s requirements are necessarily higher than excusable neglect, we disagree.