IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40339
Summary Calendar
_____

DOLORES LANAUSSE; KAREN LANAUSSE;
ISAMAR LANAUSSE; ARIZAI LANAUSSE,

                                                    Plaintiffs-Appellants,

versus

FEDERAL CORRECTIONAL INSTITUTION AT
THREE RIVERS, ET AL.,

                                                    Defendants,

UNITED STATES OF AMERICA,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. C:00-CV-60)
_____
March 13, 2002

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The only issue before us in this appeal is whether the district court erred in denying appellants' "motion to reinstate and reconsider." Appellants, plaintiffs below, are survivors of a federal inmate, Rafael Lanausse, who died while in federal prison in November 1997. By letter dated November 1, 1999, appellants submitted an administrative claim to the federal facility, FCI Three Rivers, and on November 16, 1999, they filed a state court medical malpractice suit, alleging negligent medical treatment of the decedent. Appellants sued the federal facility and five individual defendants, consisting of a physician and four physician assistants. The state court petition alleged that the individual defendants were at all material times employees and agents of FCI Three Rivers.

The United States removed the case to federal court and moved to substitute the United States as defendant in place of FCI Three Rivers and the named individual defendants, pursuant to the Westfall Act, 28 U.S.C. § 2679. Immediately prior to removal, the United States Attorney, pursuant to 28 U.S.C. § 2679(d)(2), certified that the five named individual defendants were federal employees acting within the scope of their employment at the time of the incident out of which the claim arose.

Section 2679 provides that a plaintiff's exclusive remedy for personal injury or death resulting from the negligent or wrongful conduct of a federal employee acting within the scope of his employment is a suit against the United States. Once the Attorney General makes a "scope certification," "the burden of proof lies with the plaintiff to show that the Attorney General's initial decision is incorrect." Palmer v. Flaggman, 93 F.3d

2

196, 199 (5th Cir. 1996). Further, § 2679(d)(2) provides that upon certification the government shall remove a state court action to federal court at any time prior to trial.

The United States also moved to dismiss the suit as premature under 28 U.S.C. § 2675(a), which provides that no action may be brought against the United States in these circumstances unless the claimant first brings an administrative claim with the appropriate federal agency, and the claim is either denied or six months has elapsed.

The district court agreed with the government that the suit was premature under § 2675(a), and dismissed the suit without prejudice by order and final judgment entered on July 20, 2000. On August 18, 2000, appellants filed their motion to reinstate and reconsider, arguing for the first time that they had filed an administrative claim prior to the November 1, 1999 claim, and that the named individual defendants were not federal employees for purposes of the Westfall Act, because under Texas law a physician and physician assistants are independent contractors. After a hearing the district court denied the motion, stating in its order that appellants "fail to provide any new evidence, make any argument that could not have been originally argued, or demonstrate to the Court that it committed clear error. See Fed. R. Civ. P. 60(b)."

The district court's decision to deny Rule 60(b) relief from the judgment is reviewed for abuse of discretion. Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001). The district court did not abuse its discretion.

Appellants argue, as they did in their motion to reconsider below, that Dr. Tharp, the medical director of the federal correctional facility and alleged treating physician of

3

the deceased, must be deemed an independent contractor because under Texas law physicians have certain non-delegable duties. This argument appears to consist strictly of a legal argument and is not based on any newly discovered evidence. Generally, counsel's ignorance of the law is not a legitimate ground for relief from a judgment under Rule 60(b). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 357 (5th Cir. 1993).

Further, appellants' arguments regarding Texas law are not legally meritorious in any event. We have stated that the question whether an individual is an independent contractor or an employee under the Westfall Act is a question of federal law. Rodriguez v. Sarabyn, 129 F.3d 760, 765 (5th Cir. 1997). We have also held that whether an employee is acting within the scope of his employment is a question of state law, id. at 766, but that under Texas law a physician can qualify as a federal employee immune from suit under the Westfall Act, see Palmer, 93 F.3d at 205. In Palmer, we expressly rejected the argument appellants appear to make in the pending appeal—that under Texas law the test for scope of employment turns on whether the principal controls the agent's actions. Id. Hence, we find unpersuasive appellants' legal argument that a physician cannot obtain immunity from suit under the Westfall Act because Texas law necessarily imposes non-delegable duties on him or grants him a level of self-control that makes him an independent contractor.

Appellants argue that the district court erred in assuming jurisdiction of their state court case. For purposes of removal jurisdiction, the certification by the Attorney General conclusively established the federal district court's jurisdiction. 28 U.S.C. §

4

2679(d)(2).  Removal jurisdiction does not, as appellants suggest, turn on whether they exhausted their administrative remedies.  The federal district court had jurisdiction to determine whether the case should be dismissed for failure to exhaust.

The district court dismissed the suit because, under 28 U.S.C. § 2675(a), appellants had not waited until the later of the denial of their administrative claim or six months before filing suit on November 16, 1999.  The motion to reconsider alleged that the government had denied their claim on December 4, 1997.  The motion attached an "Internal Review of Inmate Death" dated December 4, 1997.  To the extent that appellants might claim this document was newly discovered evidence under Fed. R. Civ. P. 60(b)(2), they must show that such evidence is "material and controlling and clearly would have produced a different result if presented before the original judgment." Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 771 (5th Cir. 1995) (internal quotation marks omitted).  Appellants did not make the due diligence showing as required by the language of the rule itself, and did not show that the internal review document would have produced a different result.  The internal review is, apparently, exactly what it purports to be—an internally generated review of an inmate death on a pre-printed form.  It does not purport to be a denial of an administrative claim made by appellants and does not evidence the existence of such a claim.

AFFIRMED.