IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20822
Summary Calendar
_____

JAMES McARTHUR,

                                        Plaintiff-Appellant,

                    versus

CROWN CORK & SEAL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
_____

(H-00-CV-4451)
December 4, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     James McArthur appeals the district court's denial of his
motion to reconsider its grant of summary judgment to the
defendant.  Appellant asserts that the district court abused its
discretion in not granting his motion to reconsider.  We agree and
reverse the summary judgment award.

     Defendant filed a motion for summary judgment several months
before the deadline for completing discovery.  Prior to the

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deadline for filing a response, the plaintiff filed a "Motion to Modify and Extend the Docket Control Order [90 days]." The plaintiff did not respond to the summary judgment motion. Rather, in the motion to modify the docket control order, plaintiff requested that the response to summary judgment be "abated." This request was made three times in a three-page motion, including once as a separately numbered paragraph (number 3 of 5). Specifically, plaintiff suggested "any new docket control order move the summary judgment respond [sic] after the close of discovery in order that the Court be provided a full response...." The district court granted this motion and entered an Amended Docket Control Order.

In granting the motion, the district court did not specifically rule on the portion of the motion asking that the response be "abated," specifically until the discovery deadline. In the amended control order, the discover deadline was pushed back as requested, but no mention of the response deadline was made. Under the applicable rules, the deadline for a response had already passed when the court entered its order unless the court had modified the deadline by granting the motion.

The plaintiff and defendant both continued to conduct discovery. On May 20, 2002, four days before the completion of discovery deadline, the district court granted the defendant's summary judgment motion. The court stated that "although the motion was filed on November 13, 2001, plaintiff, James McArthur, has not responded to it." Eight days later plaintiff filed the

2

motion at issue, entitled "Plaintiff's, James McArthur, Rule 59(E) Motion for Reconsideration (Motion to Alter or Amend Judgment)." In setting out his reasons in support of the motion, the plaintiff stated that he had filed a motion "requesting abatement of the summary judgment response" and that this motion had been granted. Plaintiff also noted that he was unsure when the response was due, but worked under the assumption that it was due at the end of the discovery period as he had requested in the motion that was granted by the district court. The district court denied the motion to reconsider, stating only that "Because plaintiff has not stated any legitimate reason for his failure to respond to Defendant's Motion for Summary Judgment, the motion is DENIED."

We review a district court's refusal to grant a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure for abuse of discretion.[1] Although the plaintiff's motion was labeled as a Rule 59(e) motion, this court has held:

> Nonetheless, we have oft stated that "[t]he relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label." Accordingly, we may treat this pleading as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from the judgment.[2]

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993).

[2] Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996)(citations omitted).

3

Typically, when the motion was filed determines under which rule the motion falls.[3]  However, the substance of the present motion is more appropriate for a Rule 60(b) motion.

Here, the district court abused its discretion.  A very similar case was presented to this court in *Bohlin*.[4]  Similar to the appellant here, the appellant in *Bohlin* failed to file an answer to a motion to dismiss.  The appellant claimed that it had understood a court order which allowed 60 days for discovery on an unrelated application for a temporary restraining order to suspend local rules which required a response to the motion to dismiss within 20 days.[5]  The district court rejected this argument in denying a motion for reconsideration filed by the appellant, and this court upheld the district court's denial.[6]  This court examined the motion to reconsider as both a Rule 59(e) and Rule 60(b) motion.  In upholding the district court's denial of the motion to reconsider, this court found that the district court never "explicitly nor implicitly suspended the local rules governing the timing of responses to motions.  Neither did the

---

[3] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)(noting that a motion filed within 10 days of the final judgment is considered a Rule 59(e) motion, and those after that must be considered Rule 60 motions).

[4] 6 F.3d 350.

[5] *Id.* at 352-53.

[6] *Id.* at 352.

court explicitly or implicitly rule that it would delay consideration of the subject motion for sixty days."[7]

Unlike the appellant in *Bohlin*, in the present case the appellant has made a persuasive argument that the district court did in fact modify the due date for the response to the motion for summary judgment. Appellant's Motion to Modify and Extend the Docket Control Order clearly requested an "abatement" of the deadline for filing a response to the summary judgment motion, specifically until after the deadline for completion of discovery. This motion was granted, and a new docket control order was entered. Although the court's new order did not specifically mention a new deadline for the response to the summary judgment motion, it did set a new deadline for completing discovery, and surely there was no need to continue discovery if the record had closed for summary judgment. In these circumstances, granting the motion in full without mention of the three separate requests that the deadline for the response be extended, the district court at least implicitly extended the deadline for the response.

This is the kind of mistake and excusable neglect that Rule 60(b) was meant to correct.[8] We therefore conclude that the district court abused its discretion in not granting appellant's motion to

---

[7] *Id.* at 355.

[8] *See Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 938-39 (5th Cir. 1999).

reconsider.  The grant of summary judgment is reversed and the case is remanded for further proceedings, including the filing of any response to the motion for summary judgment.

REVERSED and REMANDED.