United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60303
Summary Calendar
_____

RICHARD K. ROTH,

Plaintiff-Appellant,

versus

MALLAN G. MORGAN, MD;
KEITH P. SMITH, MD,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Southern District of Mississippi, Jackson
(USDC No. 5:01-cv-196)

_____

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We affirm the judgment of the district court for the following reasons:

1.      The district court made clear that a response to Defendants' motion *in limine* to exclude Dr. Byrd's deposition was due by June 9, 2004. Plaintiff failed to file a response to Defendants' Motion *in limine* with the clerk of court. Counsel's letter requesting a conference was not sufficient. "No abuse of discretion is demonstrated when the district court is shown no valid reason for [the plaintiff's] failure to respond to the subject motion." *Edward H. Bohlin Co, Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

2.      "To present a prima facie case of medical malpractice, a plaintiff, (1) after establishing the doctor-patient relationship and its attendant duty, is generally required to present expert testimony (2) identifying and articulating the requisite standard of care and (3) establishing that the defendant physician failed to conform to the standard of care. *McCaffrey v. Puckett*, 784 So. 2d 197, 206 (Miss. 2001). The two letters written by Dr. Alan Brown were unsworn and unaccompanied by affidavits. Because of these critical defects, Plaintiff did not present credible summary judgment evidence to raise an issue of fact by way of rebutting the medical expert witness affidavits presented by Defendant Smith. *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment.); *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) ("Unsworn documents are also not

appropriate for consideration.").

3.      When Dr. Brown withdrew as a witness before trial, Plaintiff was left without a medical expert witness to testify against Defendant Morgan. Without a medical expert witness, Plaintiff's medical malpractice claim fails. *Shirley v. McCraney*, 241 F. Supp. 2d 677, 682 (S.D. Miss. 2001) ("Mississippi case law demands that in a medical malpractice action, negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care.").

Affirmed.