# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40830
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 28, 2018

Lyle W. Cayce
Clerk

JOYCE PIPKINS,

      Plaintiff - Appellant

v.

STATE FARM LLOYDS,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:12-CV-138

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Appellant Joyce Pipkins challenges the district court's order denying her motion for relief pursuant to Rule 60(b). Under Rule 60(b)(6), a court may relieve a party from a final judgment for "any [] reason that justifies relief."[1] Rule 60(b) "provides courts with authority 'adequate to enable them to vacate judgments wherever such action is appropriate to accomplish justice,' . . . [but]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] FED. R. CIV. P. 60(b)(6).

No. 17-40830

it should only be applied in 'extraordinary circumstances.'"[2] To prevail on such a motion, the movant must show "the initial judgment to have been manifestly unjust."[3]

"Motions under Rule 60(b) must be made 'within a reasonable time,' unless good cause can be shown for the delay."[4] Good cause "must necessarily be evaluated on a case-by-case basis."[5]

In this case, the district court found that Pipkins did not timely file her Rule 60(b) motion and has not shown good cause for her delay. It further found that even if Pipkins had timely filed her motion, she was not entitled to relief under Rule 60(b) because "she has not demonstrated circumstances sufficiently extraordinary to warrant [that] relief."

Having reviewed the record and the relevant authorities, we find that the district court did not abuse its discretion in denying the Rule 60(b) motion as untimely or in concluding that "even if Pipkins had timely filed her Rule 60(b) motion, the merits of the case would not weigh in favor of the requested relief." Accordingly, we affirm the denial for essentially the reasons given by the district court.

---

[2] *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (internal citation omitted).

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993).

[4] *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004); *see also* FED. R. CIV. P. 60(c)(1).

[5] *Id.*