# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2024

Lyle W. Cayce
Clerk

No. 23-40528
Summary Calendar

———————————

Rema Charles Wolf,

　　　　　　　　　　　　　　　　*Plaintiff—Appellant*,

Abraham Charles Wolf,

　　　　　　　　　　　　　　　　*Appellant*,

*versus*

City of Port Arthur; Darlene Thomas-Pierre; Ronnie Mickens; Deborah Verret; Construction Board of Adjustments and Appeals; Clifton Batiste; Araina Daniels; Warren Field; Allen Watson,

　　　　　　　　　　　　　　　　*Defendants—Appellees*.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-465

———————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40528

Plaintiff-Appellant, Rema Charles Wolf, proceeding *pro se*, appeals the district court's denial of her motion to reopen her 42 U.S.C. § 1983 lawsuit, which she voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).[1]  Wolf initially filed suit against the City of Port Arthur, individuals employed by the City of Port Arthur, and the Construction Board of Adjustments and Appeals (collectively the City), on November 12, 2020. She alleged the City violated her constitutional rights by "taking and destroying" her property located at 1101 Proctor Street, Port Arthur, Texas. On October 4, 2021, Wolf moved to dismiss her complaint without prejudice under Rule 41(a)(1)(A)(ii).[2]  Later that month, the district court purported to enter an order granting the motion and dismissing the case without prejudice.[3]

Over a year later, in February of 2023, Wolf filed a motion to reopen her voluntarily dismissed case in order "for justice to be done."  Because Wolf filed two identical motions to reopen her case, one filed *pro se* and the other purportedly filed by her attorney, the magistrate judge scheduled a hearing "to determine . . . whether the Plaintiff will be proceeding *pro se* or with other counsel."  Neither Plaintiff nor her counsel appeared at the hearing.  The magistrate judge ultimately recommended the district court

---

[1] Fed R. Civ. P. 41(a)(1)(A)(ii) (providing that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared").

[2] Wolf attached to her "motion for final order of dismissal" an e-mail from the City providing her with a proposed stipulation of dismissal under Rule 41.

[3] As explained below, "the district court did not have jurisdiction to issue that judgment" because the "court lost jurisdiction when the parties voluntarily dismissed the entire suit under Rule 41(a)(1)(A)(ii)." *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 872 (5th Cir. 2020).

deny Wolf's motions because the parties' prior stipulation of dismissal deprived the court of jurisdiction.

Plaintiff's attorney filed a motion for reconsideration under Rule 59(e), as well as objections to the magistrate judge's report and recommendation, asserting that the court should construe Plaintiff's motion to reopen her case as a motion seeking relief under Rule 60(b)(6). The district court denied Wolf's motion for reconsideration and adopted the magistrate judge's report over her objections. Wolf timely appealed the district court's order.

Wolf fails to show error under our abuse of discretion standard of review for a district court's denial of Rule 59(e) and Rule 60(b)(6) motions.[4] Wolf does not identify any error in the district court's holding that it lacked subject-matter jurisdiction over Wolf's voluntarily dismissed suit.[5] Nor does she identify any error in the district court's holding that her "motion to reopen" failed to provide any basis for reinstating her lawsuit.[6] Instead, Wolf's brief on appeal focuses on the merits of her underlying complaint and whether her counsel in the court below received notice of a hearing before the magistrate judge.[7] Although we construe *pro se* briefs liberally, even *pro*

---

[4] *Id.* (Rule 59(e)); *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003) (Rule 60(b)(6)).

[5] *See Def. Distributed*, 947 F.3d at 873 (rejecting a plaintiff's Rule 59(e) motion to alter or amend a judgment because "there is no 'judgment' when the parties voluntarily dismiss the entire case under Rule 41(a)(1)(A)(ii)" because such stipulated dismissals "strip[] the district court of subject-matter jurisdiction over the dismissed action" (internal quotation marks and citation omitted)).

[6] *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (refusing to grant relief under Rule 60(b)(6) "for the purpose of relieving a party from free, calculated, and deliberate choices he has made").

[7] The district court's order did address the second argument briefed by Wolf. Specifically, the court explained that "[t]o the extent that" Wolf was "attempting" to use

No. 23-40528

*se* litigants must adequately brief arguments in order to preserve them.[8]  By failing to identify any error in the district court's analysis, it is the same as if Wolf had not appealed the judgment.[9]  Accordingly, the district court's judgment is AFFIRMED.

_____

her Rule 59(e) motion "as a basis for reconsidering the Motion to Reopen [the] Case because [her counsel] missed" the hearing, that argument lacked merit because it was her attorney's responsibility to update his e-mail address.  But regardless of the basis of Wolf's Rule 59(e) motion, the district court went on to adopt the magistrate judge's finding that the court lacked subject-matter jurisdiction to entertain Wolf's Rule 59(e) motion.

[8] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[9] *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).