# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31033
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL O'KEEFE, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:95-CR-106-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael O'Keefe Sr., a former federal prisoner who stands convicted of conspiracy, mail and wire fraud, and money laundering, appeals the district court's denial of his motion for reconsideration of its denial of his motion for a certificate of innocence. He argues that the district court erred in construing his motion "to vacate, set aside, annul and declare as void" his money

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31033

laundering conviction based upon *United States v. Santos*, 553 U.S. 507 (2008), as a motion requesting a certificate of innocence pursuant to 28 U.S.C. § 2513.

As federal courts are courts of limited jurisdiction, O'Keefe must have statutory authority for the filing of his motion. *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). "Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Id*. We review a denial of a motion for reconsideration for abuse of discretion. *See Edward H. Bolin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

On the same day that O'Keefe filed the instant motion, he filed two civil suits seeking damages from the Government and others for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and for false imprisonment under the Federal Tort Claims Act. The district court notified O'Keefe that because his civil suit for false imprisonment could not proceed without him first obtaining a certificate of innocence, it was construing his motion as one seeking such a certificate pursuant to 28 U.S.C. § 2513. O'Keefe filed a response to the district court's notice and agreed to his motion being construed as one for a certificate of innocence. In denying his motion for reconsideration, the district court noted O'Keefe's agreement to its construction of his motion and determined that his motion could not have been considered under 28 U.S.C. § 2255 because he had been released from custody and his motion was filed two years after he had been released.

While the district court's denial of a motion for a certificate of innocence was a foregone conclusion because O'Keefe's money laundering conviction had not been set aside as required by § 2513, O'Keefe offers no other statutory basis for jurisdiction over his motion, and, in fact, he expressly states that he was not seeking § 2255 or habeas corpus relief. Without a statutory source of jurisdiction, his motion was a meaningless, unauthorized motion that the

No. 18-31033

district court lacked jurisdiction to consider. *See United States v. Duque*, 636 F. App'x 884 (5th Cir. 2015) (citing *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994)). Accordingly, given the fact that O'Keefe's motion was filed simultaneously with his civil suits, that O'Keefe agreed to the district court construing his motion as one for a certificate of innocence, and that O'Keefe fails to demonstrate any other viable basis of jurisdiction for his motion, he has not shown that the district court's denial of his motion for reconsideration was an abuse of discretion. *See Edward H. Bolin Co.*, 6 F.3d at 353. The district court's judgment is therefore AFFIRMED.